Marshall, C. J.
 

 This is an error proceeding from an order of the public utilities commission, in a motor transportation matter, in which the commission denied to the applicant, the Cannon Ball Transportation Company, a certificate of convenience and necessity. The application for such
 
 *678
 
 certificate was filed in the office of the commission January 2, 1925, and contains allegations pertinent to this review, as follows:
 

 “The complete route over which applicant desires to operate extends between Park and Second streets, Ironton, Ohio, and state line, Ohio and Kentucky, as the termini, a distance ■ of one-half miles, distributed as follows: * * * Prom Park and Second streets, Ironton'; thence east on Second street to Adams; thence south on Adams street to the state line, Ohio and Kentucky, located in the center of the Ironton-Russell bridge, over the Ohio river. That said company is now operating over the following portion of such route: None.”
 

 The application is upon the printed form prepared by and used in practice before the commission, and in that portion of the form relating to the proposed schedule, or time card, the blank is filled in as follows: “Same schedule as is being operated under certificate No. 633.”
 

 In that portion of the blank relating to proposed tariff of passenger and freight rates the blank is filled in as follows: “Same rate of fare as published under certificate No. 633.”
 

 Nowhere in the application is it stated that the Cannon Ball Transportation Company holds certificate No. 633, but in the verification to the application that fact is stated.
 

 The application states that a map is attached marked “Exhibit A,” showing all highways and public places over which the proposed route shall operate. A map is in fact attached, and this map is a complete map of the state of Ohio and also a
 
 *679
 
 portion of Kentucky, including the location of the city of Ashland, Ky. There is nothing on the map to indicate that the proposed route is to cover any particular streets or highways, or travel between any particular termini The publication of notice of the hearing is in exact conformity with the application itself, indicating that it was to be an independent route extending from Park and Second streets in Ironton, across the Ironton-Kussell bridge, and into Kentucky as far as the city of Ashland.
 

 The character of a motor bus operation must necessarily be determined from the application, and the validity of the order of the commission must be determined by reference to the order itself, with special reference to the relief sought, as expressed in the application. The operative part of the order of the commission is as follows:
 

 “The commission being fully advised in the premises finds that the route applied for is wholly within the corporate limits of the city of Ironton, and therefore the commission is without jurisdiction to grant same under the provisions of the Collister-Kreuger Act of the last General Assembly.”
 

 Nothing appears in the application to indicate that the route would extend farther south than the middle of the bridge which crosses the Ohio river, but in the testimony before the commission it appears that an application had been made to the commission of the state of Kentucky for a certificate extending from the city of Ashland to the Ohio river. In the application for rehearing it is
 
 *680
 
 incidentally stated that the application before the Kentucky commission had been granted. It is not necessary in this connection to inquire whether all of these matters properly appear in the record, but it is quite certain that enough appears to indicate that it was an interstate operation which was desired, and that that portion of the interstate operation within the state of Ohio is wholly within the corporate limits of the city of Ironton. It is of course proper and necessary that the operations within the state of Ohio should be regulated, but it is apparent that the public utilities commission of Ohio does not have the power of such regulation. By virtue of the amendment (111 Ohio Laws, p. 19) to Section 614-84, General Code, which became effective June 14, 1925, such jurisdiction was removed from the public utilities commission by reason of the entire operation being within the corporate limits of the city of Ironton, and such jurisdiction now rests with the municipal authorities of Ironton. That portion of the amendment to Section 614-84, General Code, is as follows:
 

 “That the term ‘motor transportation company’ as used in this chapter shall not include any person or persons, firm or firms, copartnership or voluntary association, joint stock association, company or corporation, wherever organized or incorporated, in so far as they own, control, operate or manage a motor vehicle or motor vehicles used for the transportation of persons or property, or both, and which are operated exclusively within the territorial limits of a municipal corporation, or within such limits and the territorial limits of
 
 *681
 
 municipal corporations immediately contiguous thereto.”
 

 It is further claimed hy counsel for the commission that the record does not show that any convenience or necessity would be served by granting the application. However the commission may have felt on that point, the order makes no reference to any subject except that of jurisdiction.
 

 We have reached the conclusion, therefore, that the order of the commission should be affirmed solely on the ground of want of jurisdiction; the operation being wholly within a municipality.
 

 Order affirmed.
 

 Day, Allen and Kinkade, JJ., concur.