CLARK ET AL. *v.* POOR ET AL.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO.

No. 275.   Argued April 19, 1927.—Decided May 31, 1927.

1. A final judgment of the District Court, three judges sitting, which dismisses a bill challenging the constitutionality of a state statute and seeking to enjoin its enforcement, is reviewable in this Court, on appeal under Jud. Code § 266, as amended by Act of February 13, 1925, when an interlocutory injunction had been applied for and a restraining order issued. P. 556.

2. A state regulation providing that, before operating over the state highways, a common carrier by motor shall apply for and obtain a certificate or permit therefor from a state commission and shall pay an extra tax for the maintenance and repair of the highways and for the administration and enforcement of the laws governing their use, is constitutional though applied to carriers engaged exclusively in interstate commerce. P. 556.

3. That the tax so exacted is not all used for maintenance and repair of the highways, but some of it for defraying expenses of the commission in administration and enforcement of the act, and some for other purposes, is no concern of the taxpayer, it being assessed for a proper purpose and not unreasonable in amount. P. 557.

4. An additional provision that no certificate should issue until a policy covering liability and cargo insurance had been filed with the commission, is not a ground for complaint in this case, even if it be unconstitutional in its application to the plaintiffs as interstate carriers, since there are other provisions declaring that the act shall apply to interstate commerce only in so far as permitted by the Federal Constitution, and that the invalidity of any part shall not affect any other part; and since the requirement of such insurance was not the ground for plaintiffs' refusal to apply for the certificate or pay the tax, and was waived by the defendant commission in this Court. P. 557.

Affirmed.

APPEAL from a decree of the District Court dismissing a bill to enjoin the defendants, constituting the Public Utilities Commission of Ohio, from enforcing against Clark and Riggs, interstate carriers by motor, provisions of the Ohio Motor Transportation Act.

*Mr. Murray Seasongood*, with whom *Messrs. Lester A. Jaffe* and *Robert P. Goldman* were on the brief, for appellants.

*Messrs. Albert M. Calland* and *John W. Bricker*, with whom *Mr. C. C. Crabbe*, Attorney General of Ohio, was on the brief, for appellees.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

The Ohio Motor Transportation Act of 1923, as amended, Gen. Code, §§ 614–84 to 614–102, provides that a motor transportation company desiring to operate within the State shall apply to the Public Utilities Commission for a certificate so to do and shall not begin to operate without first obtaining it; also, that such a company must pay, at the time of the issuance of the certificate and annually thereafter, a tax graduated according

to the number and capacity of the vehicles used. §§ 614–87, 614–94.

Clark and Riggs operate as common carriers a motor truck line between Aurora, Indiana, and Cincinnati, Ohio, exclusively in interstate commerce. They ignored the provisions of the Act, and operated without applying for a certificate or paying the tax. Then they brought this suit, in the federal court for southern Ohio, to enjoin the Commission from enforcing as against them the provisions of the Act. The case was heard in the District Court before three judges on final hearing, under § 266 of the Judicial Code as amended by the Act of February 13, 1925. It appeared that while the Act calls the certificate one of " public convenience and necessity," the Commission had recognized, before this suit was begun, that, under Buck v. Kuykendall, 267 U. S. 307 and Bush v. Maloy, 267 U. S. 317, it had no discretion where the carrier was engaged exclusively in interstate commerce, and was willing to grant to plaintiffs a certificate upon application and compliance with other provisions of the law. See Cannon Ball Transportation Co. v. Public Utilities Commission, 113 Oh. St. 565, 567. The bill was dismissed. It is here on direct appeal. This Court has jurisdiction as an interlocutory injunction had been applied for and a restraining order issued. Moore v. Fidelity & Deposit Co., 272 U. S. 317, 320–321; Smith v. Wilson, 273 U. S. 388.

The plaintiffs claim that, as applied to them, the Act violates the commerce clause of the Federal Constitution. They insist that, as they are engaged exclusively in interstate commerce, they are not subject to regulation by the State; that it is without power to require that before using its highways they apply for and obtain a certificate; and that it is also without power to impose, in addition to the annual license fee demanded of all persons using automobiles on the highways, a tax upon them, under

§ 614–94, for the maintenance and repair of the highways and for the administration and enforcement of the laws governing the use of the same. The contrary is settled. The highways are public property. Users of them, although engaged exclusively in interstate commerce, are subject to regulation by the State to ensure safety and convenience and the conservation of the highways. *Morris* v. *Duby, ante,* p. 135; *Hess* v. *Pawloski, ante,* p. 352. Users of them, although engaged exclusively in interstate commerce, may be required to contribute to their cost and upkeep. Common carriers for hire, who make the highways their place of business, may properly be charged an extra tax for such use. *Hendrick* v. *Maryland,* 235 U. S. 610; *Kane* v. *New Jersey,* 242 U. S. 160. Compare *Packard* v. *Banton,* 264 U. S. 140, 144.

There is no suggestion that the tax discriminates against interstate commerce. Nor is it suggested that the tax is so large as to obstruct interstate commerce. It is said that all of the tax is not used for maintenance and repair of the highways; that some of it is used for defraying the expenses of the Commission in the administration or enforcement of the Act; and some for other purposes. This, if true, is immaterial. Since the tax is assessed for a proper purpose and is not objectionable in amount, the use to which the proceeds are put is not a matter which concerns the plaintiffs.

Plaintiffs urge that the decree should be reversed because of the provision in the Act concerning insurance. The Act provides that no certificate shall issue until a policy covering liability and cargo insurance has been filed with the Commission. § 614–99. The lower court held that, under *Michigan Public Utilities Commission* v. *Duke,* 266 U. S. 570, this provision could not be applied to exclusively interstate carriers, *Red Ball Transit Co.* v. *Marshall,* 8 F. (2d) 635, 639; and counsel for the Com-

mission stated in this Court that the requirements for insurance would not be insisted upon. Plaintiffs urge that because this was not conceded at the outset, it was error to deny the injunction. The circumstances were such that it was clearly within the discretion of the court to decline to issue an injunction; and since an injunction was the only relief sought, it properly dismissed the bill. Compare *Chicago G. W. Ry. Co.* v. *Kendall,* 266 U. S. 94, 100–101. The plaintiff's did not apply for a certificate or offer to pay the taxes. They refused or failed to do so, not because insurance was demanded, but because of their belief that, being engaged exclusively in interstate commerce, they could not be required to apply for a certificate or to pay the tax. Their claim was unfounded. Moreover, the Act made each section and part thereof independent and declared that " the holding of any section or part thereof to be void or ineffective for any cause shall not affect any other section or part thereof." § 614–102. And the Act also provided that it should apply to interstate commerce only in so far as such regulation was permitted by the Federal Constitution. § 614–101.

It is not clear whether the liability insurance, for which the Act provides, is against loss resulting to third persons from the applicant's negligence in using the highways within the State, or is for loss to passengers resulting from such negligence, or for both purposes. We have no occasion to consider whether, under any suggested interpretation, liability insurance, as distinguished from insurance on the interstate cargo, may be required of a carrier engaged wholly in interstate commerce. Compare *Hess* v. *Pawloski, supra.* The decree dismissing the bill is affirmed, but without prejudice to the right of the plaintiffs to seek appropriate relief by another suit if they should hereafter be required by the Commission to comply with conditions or provisions not warranted by law. *Affirmed.*