Kinkade, J.
 

 The subject-matter of this action is the cancellation by the Public Utilities Commission of an outstanding certificate, No. 243, issued to the Columbus & Zanesville Transportation Company to operate a bus line. The Granville & Newark Motor Service Company, Inc., filed a complaint with the commission against the Columbus & Zanesville Company, alleging facts which, if true, called for a cancellation by the commission of the certificate issued to the Columbus
 
 &
 
 Zanesville Company. Upon the filing of this complaint, the commission fixed a time for hearing, and gave due notice to the Columbus & Zanesville Company. After hearing all the evidence and the arguments of counsel, the commission found that the certificate issued to the Columbus
 
 &
 
 Zanesville Company was based upon a misrepresentation and suppression of facts by the Columbus & Zanesville Company, which amounted to fraud in the procuring of the certificate; and, having so found, the commission entered an order canceling the certificate. The Columbus & Zanesville Company prosecutes error to this court on numerous grounds.
 

 Much is said in argument with respect to the right óf the Granville Company to urge upon the
 
 *45
 
 commission the duty of canceling this certificate. All that is said on that subject is quite immaterial. It could not matter who brought the facts to the attention of the commission. It so happens that the party who did thus initiate the investigation was in a sense a partial competitor of the Columbus
 
 &
 
 Zanesville Company, and, if the certificate remains canceled, that fact may slightly increase the earnings of the party filing the protest. The same thing would have resulted if the commission had learned the facts in any other way.
 

 The Columbus & Zanesville Company applied to the commission for a certificate on August 27, 1923. This application embodied an affidavit by one C. C. Fast, which declared that the Columbus & Zanesville Company was a motor transportation company, operating in good faith with ten Studebaker seven-passenger busses between Columbus, Ohio, and Zanesville, Ohio, via Hebron, and between Columbus, Ohio, and Newark, Ohio, on April 28, 1923. A time schedule was filed with the commission on April 3, 1923, effective April 8, 1923. On April 6, 1923, six busses were put in operation on the route above mentioned. On April 10, 1923, articles, of incorporation of the Columbus & Zanesville Company were filed in the office of the secretary of state. They purported to have been signed by the incorporators on April 6, 1923. On May 3, 1923, the incorporators filed in the office of the secretary of state a certificate of subscription to the capital stock, saying that 10 per cent, of the capital stock had been subscribed; that the books of the company had been ordered to be opened for subscription to
 
 *46
 
 the capital stock on April 30, 1923, with the usual waiver of notice by publication of the time of opening the books. •
 

 No application was made to the Public Utilities Commission for authority to issue stock until October 21,1925, when the Columbus & Zanesville Transportation Company filed an application setting out that all of the $1,000 of stock authorized by the articles of incorporation had been subscribed and paid for. On November 13, 1925, before any action had been taken by the commission, the company filed a substitute application, asking confirmation by the commission of said stock issue, or authority of the commission to reissue said stock for the consideration already paid, or authority to issue $1,000 of stock for cash.
 

 On November 1, 1924, the commission granted a certificate of convenience and necessity, No. 243, to the Columbus & Zanesville Company, on the basis of the affidavit referred to above. The order of cancellation by the commission results from a finding of the commission that the Columbus
 
 &
 
 Zanesville Company was not a corporation on April 28, 1923, and could not have been operating in good faith on that date, as claimed in the affidavit, for the (reason that it had no stock, no stockholders, no board of directors, and no executive officers.
 

 It is quite apparent from the record that practically all of the questions involved in this case are almost entirely questions of fact. There is evidence in the record, if given credit by the commission, which is ample to sustain each and all of the findings made by the commission. There is no error
 
 *47
 
 in the record with respect to the admission or rejection of evidence, and no other error prejudicial to the rights of the Columbus & Zanesville Company. Without doubt, that company considered itself a body corporate, and was proceeding with the operation of its business accordingly; but there are many things required by the statute to constitute a completed body corporate, which the Columbus
 
 &
 
 Zanesville Company omitted to perfect, and it is these omissions which rendered the certificate issued to the company by the commission, invalid, and justified the recall and cancellation of the certificate by the commission. The commission did not make any order relative to the right of the corporation to function as such, but confined its order entirely to the exercise of the power which it had to cancel the certificate outstanding for the reasons stated. The order of the commission will be affirmed.
 

 Order affirmed.
 

 Day, Allen, Robinson, Jones and Matthias, JJ., concur.