Marshall, C. J.
 

 The Public Utilities Commission of Ohio granted to the Detroit-Cincinnati Coach Line, Inc., certificate No. 2749 to operate an interstate service between the Ohio-Michigan state line and the Ohio-Kentucky state line, the termini of the poach line being Detroit, Michigan, and Covington, Kentucky. The certificate was “granted for interstate operations only.” Thereafter complaints were filed by competing transportation lines operating in the state of Ohio, seeking the revocation of the interstate certificate, upon the ground that the coach line company, having been certified to do an interstate service only, was performing an intrastate service without having obtained a certificate of public convenience and necessity from the Public Utilities Commission for such intrastate service; that the coach line company violated various rules and regulations of the Public Utilities Commission, and violated the speed laws of the state of Ohio.
 

 Hearings were had, and the Public Utilities Commission found:
 

 “That the violations alleged by the complainants are fully substantiated; * * * that the Detroit-Cincinnati Coach Line, Inc., under interstate certificate No. 2749, has performed an intrastate service without having first obtained a certificate of convenience and necessity from this Commission for intrastate operation as required by Section 614-88, G-eneral
 
 *326
 
 Code. * * * That the said respondent has at various times violated the laws of Ohio and the rules of the Commission in operating its vehicles at an excessive and dangerous rate of speed. * # * The respondent has persistently violated the speed laws and has been the subject of criminal prosecution and conviction. These official interdictions, however, have so far accomplished nothing in the way of reformation of their subject. * # * Ordered, that certificate No. 2749 be, and hereby it is, revoked. It is further ordered that the Detroit-Cincinnati Coach Line, Inc., desist from all operation within the state of Ohio .under the said certificate within fifteen days from the date of this order.”
 

 The findings of the Public Utilities Commission are sustained by the evidence and would justify a revocation of the certificate of the plaintiff in error were it not for the fact that the certificate authorizes, and concededly the plaintiff in error is engaged in, an interstate service. The provisions of Section 8 of Article I of the Constitution of the United States do not prohibit a state from enacting, promulgating, and enforcing reasonable nondiscriminatory laws, rules, and regulations pertaining to interstate commerce service through, into, or out of its territory, or exempt persons so engaged from the pains and penalties of a violation of such laws, rules and regulations, so long as such penalties do not amount to a prohibition of interstate commerce or impose an unreasonable burden upon interstate commerce.
 
 Packard
 
 v.
 
 Banton, Dist. Atty.,
 
 264 U. S., 140, 44 S. Ct., 257, 68 L. Ed., 596;
 
 Morris
 
 v.
 
 Duby,
 
 274 U. S., 135, 47 S. Ct., 548, 71 L. Ed., 966;
 
 Hendrick
 
 v.
 
 Maryland,
 
 235 U. S., 610, 35 S. Ct., 140, 59 L. Ed., 385;
 
 *327
 

 Kane
 
 v.
 
 New Jersey,
 
 242 U. S., 160, 37 S. Ct., 30, 61 L. Ed., 222;
 
 Clark
 
 v.
 
 Poor,
 
 275 U. S., 554, 47 S. Ct., 702, 71 L. Ed., 1199.
 

 It was not the purpose of the Public'Utilities Commission to prevent the coach line from operating motor vehicles in the state of Ohio in interstate commerce, and this is evidenced by the fact that the commission granted certificate No. 2749 to operate in this state in interstate service. The only purpose of the commission was to impose reasonable regulations upon that service. The regulations sought to be imposed were the usual and uniform regulations which have been applied to intrastate service and which- have repeatedly been held by this court to be reasonable and lawful as applied to intrastate operations. If the order of the commission in'this case were arbitrary or discriminatory, or if the regulations imposed and which are shown to have been violated by the coach line were unreasonably burdensome upon interstate commerce, the coach line would not be bound to conform to them, and the order of the commission would therefore have to be reversed. That the Legislature of Ohio and the orders of the Public Utilities Commission may im¡pose upon interstate commerce the same regulations in all essential respects as are imposed upon intrastate operations cannot be doubted.
 

 The final authority in determining the power of the commission in such matters must necessarily rest with the Supreme Court of the United States. That court has spoken on this subject in no uncertain terms in
 
 Sprout
 
 v.
 
 South Bend,
 
 277 U. S., 163, 48 S. Ct., 502, decided May 14, 1928. In that case it was declared that the following requirements imposed by state authorities are reasonable': First, a require
 
 *328
 
 ment to carry liability insurance; second, nondiscriminatory regulations for the purpose of insuring the public safety and convenience, such as a license fee, provided same is no larger in amount than is reasonably required to defray the expenses of administering such regulations; third, a reasonable charge as a fair contribution to the cost of constructing and maintaining the public highways; fourth, the requirement to file contracts providing adequate insurance for the payment of judgments recovered for certain injuries resulting from operation. All these requirements were held not to be unreasonable burdens on interstate commerce when applied to interstate carriers. The only requirement held not to be lawful in that case was the imposition of an occupation tax. Each and every one of these requirements was discussed at length and with elaborate citation of former decisions of the United States Supreme Court. It is true that in the same case it is stated:
 
 ‘ ‘
 
 The privilege of engaging in such commerce is one which a state cannot deny.” In support of that statement the court cites
 
 Buck
 
 v.
 
 Kuykendall, Director of Public Works, 267
 
 U. S., 307, 45 S. Ct., 324, 69 L. Ed., 623, 38 A. L. R., 286;
 
 Geo. W. Bush & Sons Co.
 
 v.
 
 Maloy,
 
 267 U. S., 317, 45 S. Ct., 326, 327, 69 L. Ed., 627. We are of the opinion that the court meant by that language that the privilege cannot be arbitrarily denied. We find nothing in that opinion to indicate that a privilege granted upon nondiscriminatory and reasonable terms and conditions might not be revoked when the motor company arbitrarily, unreasonably, and flagrantly violates the regulations and refuses to conform to the terms and conditions. In order that we may properly interpret the language of the court we should examine the authorities cited in support. The
 
 Buck
 
 and
 
 Bush cases
 
 are quite similar, and de
 
 *329
 
 cided that a law which prevents common carriers for hire-from using highways by auto'vehicles without first obtaining a certificate of public convenience and necessity is primarily not a regulation to secure safety on highways, or to conserve them, but a prohibition of competition, and therefore a violation of the commerce clause of the Federal Constitution, as well as defeating the purpose expressed in the acts of Congress giving federal aid for construction of interstate highways.
 

 To determine questions of public convenience and necessity as a prerequisite to granting a certificate to an interstate operation is one thing, but where a certificate is granted to an interstate operation, without any inquiry whatever into the question of public convenience and necessity, the imposition of reasonable regulations and charges upon such interstate operation as a condition to its grant or continued use is another and very different thing. We find nothing in the
 
 Buck
 
 and
 
 Bush cases
 
 limiting the power of state agencies to impose reasonable regulations and charges upon interstate operations which do not discriminate in favor of intrastate operations ; neither do we find any expression in either of those cases denying the right to revoke an authority previously given to an interstate operator for a defiant refusal to conform to such reasonable regulations and charges. In
 
 Clark
 
 v.
 
 Poor,
 
 274 U. S., 554, 47 S. Ct., 702, 71 L. Ed., 1199, the Supreme Court of the United States affirmed a decision of the District Court of Ohio, wherein it was declared that:
 

 “A state regulation providing that, before operating over the state highways, a common carrier by motor shall apply for and obtain a certificate or permit therefor from a state commission and shall pay
 
 *330
 
 an extra tax for the maintenance and repair of the highways and for the administration and enforcement of the laws governing their nse, is constitutional though applied to carriers engaged exclusively in interstate commerce.”
 

 In the opinion in that case the court again dealt with the question of regulation by the state commission, and approved the right to impose a license fee and a tax for maintenance and repair of highways, and also upheld the right of the state to require that the carrier apply for and obtain a certificate. The Supreme Court does not in any of these cases, or in any other case that we are able to find, endeavor to compel states to submit to the use of highways without conforming to reasonable conditions.
 

 This court has repeatedly decided that the commission may and should subject such interstate operator to the usual conditions and regulations, with the usual attendant charges and taxes, that are imposed upon operators of an intrastate route. If these conditions and regulations are such as to interfere with or to impose unreasonable búrdens upon interstate commerce, they can be voided by the federal courts in a proper proceeding, and should be modified by our own state commission. It is even the duty of this court to reverse an order of the commission which interferes with or imposes unreasonable burdens upon interstate operations. This proceeding is not of that character. It is not claimed that the charges and regulations are unreasonable or burdensome. The issue tried before the commission was whether or not the operator is disobeying and disregarding them altogether. This is an issue of fact which the commission has decided, and the
 
 *331
 
 findings of the commission are sustained by the evidence. The commission has found that the operator has flagrantly violated the laws of the state and the regulatory rules of the commission. The right of Congress to regulate commerce between the states, and the right of state governmental agencies to safeguard that right, must necessarily be subject to the further condition that the operator while carrying on an interstate operation within this state will respect and obey the valid laws of the state regulating intrastate operators of similar character. All these matters are clear and undoubted. The only problem presented by this proceeding is whether the state authorities can enforce that obedience by the extreme process of revocation of the interstate right altogether. The persons operating motor vehicles upon state highways as' common carriers in interstate commerce are guaranteed against unreasonable interference and' unreasonable burdens, but this immunity does not justify such persons in becoming outlaws or abusing franchises thus given to them. We are of the opinion that the right of revocation and prohibition is necessary to the maintenance of a proper respect for state laws and state institutions. We are further of the opinion that such revocation upon such grounds does not' offend against the provisions of Section 8 of Article I of the Federal Constitution, though it of course should not be resorted to except in aggravated cases. The commission has found this to be an aggravated case, and its order should be affirmed.
 

 Order affirmed.
 

 Day, Allen, Kinkade, Jones and Matthias, JJ., concur.