By the Court.
 

 The first case is a proceeding in error to reverse the finding and order of the commission granting a certificate to operate an interstate bus line to the applicant, the American Stages, Inc. The second case consists of a proceeding in error to reverse the action of the public utilities commission wherein it refused to revoke the certificate theretofore granted the American Stages, Inc., which is involved in the previous case. The complaint in each case is made by the Cannonball Transportation Company.
 

 On November 26, 1930, the American Stages, Inc., filed its application for an interstate certificate to operate its bus line through Ohio, such operation
 
 ex
 
 
 *475
 
 tending from Detroit, Michigan, to Charleston, West Virginia. Protests were filed by various companies. Upon hearing the commission issued its order granting the application, with modification such as to prevent the hauling of intrastate passengers. As thus modified, and further conditioned upon the applicant procuring the right to operate both in the states of Michigan and West Virginia, and also “that service be inaugurated within a period of ninety days from the date,” a certificate was awarded April 30, 1931.
 

 This court has heretofore clearly announced the principle that governs the public utilities commission in proceedings involving an application for a certificate to operate a bus line through the state of Ohio carrying interstate passengers.
 
 Cannon Ball Transportation Co.
 
 v.
 
 Public Utilities Commission,
 
 113 Ohio St., 565, 149 N. E., 713;
 
 Interstate Motor Transit Co.
 
 v.
 
 Public Utilities Commission,
 
 119 Ohio St., 264, 163 N. E., 713, and cases there cited.
 

 The public utilities commission has consistently applied this principle in the consideration of applications for certificates covering interstate traffic. While not authorized to exclude motor transportation companies operating in interstate traffic over the highways, it has full authority to regulate their operation in so far as the regulation does not amount to. a restraint or impose unreasonable burdens upon interstate commerce. The authority of the commission has thus been well defined, and under the facts disclosed by the record the action and order of the commission in this case are neither unlawful nor unreasonable. The fact that the application described a route which if granted might have furnished an opportunity to carry intrastate passengers
 
 *476
 
 is of no consequence. That is not before us for review. We have here only the order of the commission, where it is disclosed that the certificate granted —being for a route which crosses the Ohio river but once — fully met the objection above referred to; for the certificate granted not only limited the applicant to interstate traffic, but the route was so described as to preclude the subterfuge feared by the objectors.
 

 Revocation of the certificate issued the applicant was sought upon the ground that the applicant knowingly, purposely and in defiance of the commission violated the order of April 30, 1931.
 

 The commission under the provisions of Section 614-87, General Code, may at any time for good cause, upon giving the required notice and affording an opportunity to be heard, revoke any certificate issued by it under and by virtue of the motorbus statutes. This court construed and applied the above section in the cases of
 
 Miami Valley Transit Co.
 
 v.
 
 Public Utilities Commission,
 
 117 Ohio St., 311, 158 N. E., 591;
 
 Columbus & Zanesville Transportation Co.
 
 v.
 
 Public Utilities Commission,
 
 118 Ohio St., 43, 160 N. E., 458;
 
 Minerva-Canton Transit Co.
 
 v.
 
 Public Utilities Commission,
 
 118 Ohio St., 561, 162 N. E., 34;
 
 Z., C. & W. Transportation Co.
 
 v.
 
 Public Utilities Commission,
 
 119 Ohio St., 318, 164 N. E., 230, and
 
 Detroit-Cincinnati Coach Line, Inc.,
 
 v.
 
 Public Utilities Commission,
 
 119 Ohio St., 324, 164 N. E., 356.
 

 The record discloses that the American Stages, Inc., began operation under its certificate July 1, 1931. It had theretofore filed applications before the proper authorities in Michigan and West Virginia for the necessary permits to operate in those
 
 *477
 
 states, and had conformed to the requirements precedent to the issuance of such permits, but had not actually received a certificate or written permit, and it is further disclosed that the management of the American Stages, Inc., had been advised that all things necessary to a permit to operate in the state of Michigan had been done prior to July 1, 1931. Thereafter a certificate was issued. A similar situation existed with reference to a permit for operation in West Virginia, and at least a temporary permit had been granted in that state, and it was indicated that a further temporary permit would be granted until such time as a certificate would be issued, which was in fact later done.
 

 On July 2, 1931, on the application of the complainant in this proceeding, a restraining order was issued by the federal court prohibiting operation by the American Stages, Inc. It thus appears that the service, which was in fact inaugurated well within the ninety days permitted by the commission, was restrained by an injunction procured by those who now seek to have the certificate revoked because of the failure to do the thing which they were instrumental in having enjoined.
 

 The refusal of the public utilities commission to revoke the certificate theretofore granted the American Stages, Inc., was within the proper exercise of its authority, and hence was neither unreasonable nor unlawful. It follows that in each case the order of the public utilities commission is affirmed.
 

 Orders affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.