# AERO–MAYFLOWER TRANSIT CO. v. WATSON, Com'r of Revenue.

## No. 2572.

District Court, E. D. Arkansas, W. D.

Feb. 5, 1934.

Brickhouse & Brickhouse, of Little Rock, Ark., and Watkins, Asbill & Watkins, of Atlanta, Ga., for complainant.

Louis Tarlowski, Sp. Counsel for State of Arkansas, of Little Rock, Ark. (Hal L. Norwood, Atty. Gen. of Arkansas, and Pat Mehaffy, Asst. Atty. Gen. of Arkansas, on the brief), for respondent.

MARTINEAU, District Judge.

Complainant, a Kentucky corporation, with its principal place of business in Indianapolis, Ind., is the owner of a fleet of trucks which it operates for hire as a contract carrier. In the regular course of business these trucks go into and through Arkansas, over its highways, but are engaged solely in interstate commerce.

Under the Arkansas statutes, complainant is required to pay registration and license

fees upon its trucks which operate over the Arkansas highways. The duty of enforcing these statutes is imposed upon the defendant, who is Commissioner of Revenue.

The complainant brings this suit invoking the jurisdiction of a three judge court, asking that the statutes requiring the collection of license fees upon its trucks be held to be unconstitutional and that defendant be enjoined from enforcing them. The applicable statutes (Acts Ark. 1929, p. 293, § 24, as amended by Acts Ark. 1933, p. 19, and Acts Ark. 1933, pp. 96, 97, §§ 1, 2; Acts Ark. 1933, p. 304) require that fees be paid upon the carrying capacity of the trucks and that the fees collected be placed in the highway fund which is used for the construction and maintenance of the highways of the state.

The evidence shows that complainant's trucks upon which license fees are required to be paid do not make regular or continuous trips through Arkansas, but pass through the state two or three times per month.

It is first insisted that an undue burden is placed upon interstate commerce, because the license fees are based upon the carrying capacity of the trucks. Since the submission of this case the Supreme Court of the United States, in Hicklin v. Coney, decided December 4, 1933, and reported in 54 S. Ct. 142, 144, 78 L. Ed. ——, has removed any doubt that might have existed up to that time as to the constitutionality of a statute which fixes license fees based upon the carrying capacity of vehicles. In holding such a statute constitutional, the Supreme Court said: "Appellant insists that an undue burden is placed upon interstate commerce because the license fees are based on the 'carrying capacity' of the vehicles. The state court held that the fees 'are collected, as provided for by section 8517, for the purpose of maintaining the public highways over which such motor vehicles shall operate, as compensation for their use.' The statute provides for the segregation, for this purpose, of the moneys collected. See Clark v. Poor, 274 U. S. 554, 555–557, 71 L. Ed. 1199–1201, 47 S. Ct. 702. In this view the fees are not open to the objection raised in Interstate Transit v. Lindsey, 283 U. S. 183, 186, 188, 75 L. Ed. 953, 965, 970, 51 S. Ct. 380. Carrying capacity, the size and weight of trucks, unquestionably have a direct relation to the wear and hazards of the highways. It is for this reason that the authority of the state to impose directly reasonable limitations on the weight and size of vehicles, although applicable to interstate carriers, has been sustained. Morris v. Duby, 274 U. S. 135, 143, 71 L. Ed. 966, 971, 47 S. Ct. 548; Sproles v. Binford, 286 U. S. 374, 388, 389, 76 L. Ed. 1167, 1178, 1179, 52 S. Ct. 581. As the state may establish such regulations directly the state may adjust its license fees, otherwise valid as being reasonable and exacted as compensation for the use of the highways, according to carrying capacity in furtherance of the same purpose. Clark v. Poor [274 U. S. 554, 71 L. Ed. 1199, 47 S. Ct. 702], supra."

This opinion distinguishes earlier opinions of the court and holds that a statute identical in terms almost with the Arkansas statute is not violative of the interstate commerce clause of the Federal Constitution (article 1, § 8, cl. 3).

The complainant insists that the Hicklin Case is limited in its scope to the commerce clause of the Constitution and that inasmuch as its trucks operate over Arkansas highways only occasionally and do not use them as one operating trucks over the highways frequently and continuously, the act fixing license fees is void under the Fourteenth Amendment of the Federal Constitution, because it discriminates against interstate operators in favor of intrastate operators.

This contention is not sound. It would be impossible to frame a statute which would be absolutely uniform as to all users of the state highway. The fact that the statute does not distinguish between cars using all the roads of the state and those using only certain highways, or that it does not distinguish between cars that are continually in use and those that are used only occasionally on its roads, does not render the statute discriminatory. All that is required is that the statute levy a license fee that is uniform, fair, and equitable. The Supreme Court of the United States, in Carley & Hamilton v. Snook, 281 U. S. 66, loc. cit. 72, 50 S. Ct. 204, 206, 74 L. Ed. 704, 68 A. L. R. 194, passing upon the identical contention made here, said: "A corollary of this contention is that although the fees are not per se disproportionate to the privilege of operating over all the highways of the state, petitioners [appellants] are nevertheless entitled to receive licenses limiting the operation of their motorcars to the few highways which they wish to use, upon payment of correspondingly reduced fees. But no constitutional principle is suggested, and we know of none, which would enable a licensee thus to regulate the extent of the privilege granted or to assail an otherwise valid tax

upon it merely because a reduction of the privilege and the tax would better suit his convenience and pocketbook."

The temporary injunction will be dissolved and the complaint dismissed. Findings of fact and conclusions of law in accordance with this opinion may be prepared by the defendant and submitted to the court for its approval.