Zimmerman, J.
 

 This is an appeal from an order of the Public Utilities Commission. C. E. Fannin, doing business as Blue Ribbon Lines, is the appellant. He resides in Kentucky and is engaged in the operation of an interstate motor bus line carrying passengers' between Ashland, Kentucky, and Cincinnati, Ohio, a total distance of approximately 158 miles. The busses travel for the most part in the state of Kentucky, except for a distance of 1.3 miles in the cities of Cincinnati, Ohio, Portsmouth, Ohio, and Ironton, Ohio, all bordering on Kentucky, for the taking on and discharging of passengers.
 

 The bus operations of the appellant are carried on •under authority of a certificate of public convenience and necessity issued by the Interstate Commerce Commission and other certificates issued by the states of Ohio and Kentucky, respectively.
 

 On October 2, 1944, the Public Utilities Commission of Ohio cited the appellant to show cause why he should not list his motor busses used in the described operation in Ohio and pay the taxes thereon as required by Section 614-94, General Code.
 

 Pursuant to a hearing, the Public Utilities Commission ordered the appellant to list with it his motor busses employed in the above-mentioned operation and to pay the taxes imposed by Section 614-94, General Code.
 

 On this appeal the appellant makes two principal contentions:
 

 (1) His bus operations in Ohio come within subdivision 2 of Section 614-84, General Code; hence such operations are not within the jurisdiction of the Pub-
 
 *356
 
 lie Utilities Commission of Ohio and his busses are. not subject to the tax imposed by Section 614-94, General Code.
 

 (2) If this is not so, the imposition of a tax on appellant’s busses by Section 614-94, General Code, is a discrimination against interstate commerce and violative of Section 8, Article I of the Constitution of the United States.
 

 Insofar as pertinent to this case, Section 614-84, General Code, defining motor transportation companies within the jurisdiction of the Public Utilities Commission, reads:
 

 “ * * * provided, however, that the term ‘motor transportation company’ as used in this chapter shall not include any person or persons * * * ;
 

 “(2) Insofar as they own, control, operate or manage a motor vehicle or motor vehicles used for the transportation of persons or property, or both, and which are operated exclusively within the territorial limits of a municipal corporation, or within such limits and the territorial limits of municipal corporations immediately contiguous thereto * * * .”
 

 In support of his first contention the appellant relies on the case of
 
 Cannon Ball Transportation Co. v. Public Utilities
 
 Commission, 113 Ohio St., 677, 150 N. E., 39, the syllabus of which reads:
 

 “Where an Ohio municipality is located upon the geographical border of the state, and a motor transportation company desires to operate a motor service from a point within such city to such geographical border, the regulation of such service within such municipality rests with the municipal authorities, and the Public Utilities Commission has no jurisdiction to entertain an application for a certificate of convenience and necessity.”
 

 As we view it, the case cited is authority only for the proposition that under subdivision 2 of Section
 
 *357
 
 614-84, General Code, the Public Utilities Commission has no jurisdiction over a motor transportation line operating wholly within the' corporate limits of an Ohio municipality. See 51 A. L. R., 828. Here, appellant, an interstate carrier operating busses in a continuous operation from Kentucky into an Ohio city bordering on Kentucky, then back through Kentucky and into other Ohio cities likewise bordering on Kentucky, does not operate
 
 exclusively
 
 in any one Ohio municipality or contiguous Ohio municipalities, within the meaning and intent of subdivision 2 of Section 614-84, General Code. Therefore, in our opinion, the Public Utilities Commission does have jurisdiction over appellant in the circumstances outlined and his first contention must fail in this respect.
 

 Section 614-94, General Code, provides in substance that every motor transportation company operating in Ohio shall pay annually to the Treasurer of State for the expense of the administration and enforcement of the provisions of Sections 614-83 to 614-128, General Code, and for the maintenance and repair of the highways'of the state, a tax at the rate of from $40 for each motor propelled vehicle operating between fixed termini or over a regular route and carrying seven passengers or less, up to $230 for each of such vehicles carrying more than 24 passengers.
 

 With regard to such taxing section, appellant says in his brief:
 

 “ * * * the tax provided by Section 614-94 of the General Code of Ohio cannot be imposed upon appellant or his- motor busses used in the above-described operation because the General Code, Section 614-94, undertakes to levy a flat tax substantial in amount against appellant and his motor busses operating in interstate commerce. The tax has no relation whatever to the use of the roads and is, therefore, .unconstitutional as an undue burden on interstate commerce,
 
 *358
 
 and the order of the Public Utilities Commission of Ohio, from which this appeal is prosecuted, is in conflict with the law on this question, and is in violation of appellant’s rights as guaranteed him by the provisions of Article I, Section 8 of the Constitution of the United States.”
 

 It is now firmly established by decisions of the United States Supreme Court that a state may, in the absence of federal legislation on the subject, constitutionally impose upon motor vehicles, using the highways in interstate commerce, a tax to defray the expenses of the administration and enforcement of regulations for the public safety and convenience and for the maintenance and repair of the highways of the state, to the extent that such tax is not unreasonable or discriminatory. Moreover, a tax of this kind does not constitute an undue burden on interstate commerce and may be one which is graduated according to the carrying capacity of the vehicles affected. 37 American Jurisprudence, 574, Section 96
 
 et seq.
 

 Sections 614-95 and 614-96, General Code, require that amounts collected under Section 614-94, General Code, be allocated for proper purposes; a small percentage to defray administration of the motor carrier division of the Public Utilities Commission of Ohio and the balance to be distributed among cities, counties and the state maintenance and repair fund to be used exclusively for the maintenance and repair of public roads, highways and streets.
 

 Section 614-94, General Code, was upheld as a valid enactment which does not place an undue burden on interstate commerce, by the Supreme Court of the United States in the case of
 
 Clark
 
 v.
 
 Poor,
 
 274 U. S., 554, 71 L. Ed., 1199, 47 S. Ct., 702, and we find no features of discrimination or unreasonableness in the statute as applied to appellant. The fact of how extensive a use appellant may make of the highways is
 
 *359
 
 not controlling; it is enough that he uses them.
 

 It would serve no useful purpose to quote from decisions of the Supreme Court of the United States in support of the validity of Section’ 614-94, General Code, as applied to the appellant. However, we do call attention to the following cases which indicate that the Public Utilities Commission in its jurisdiction over the appellant may properly subject him to the payment of a tax on his motor busses coming into Ohio, as provided by Section 614-94, General Code:
 
 Hicklin
 
 v.
 
 Coney,
 
 290 U. S., 169, 78 L. Ed., 247, 54 S. Ct., 142;
 
 Morf
 
 v.
 
 Bingaman, Commr.,
 
 298 U. S., 407, 80 L. Ed., 1245, 56 S. Ct., 756;
 
 Dixie Ohio Express Co.
 
 v.
 
 State Revenue Comm.,
 
 306 U. S., 72, 83 L. Ed., 495, 59 S. Ct., 435.
 

 There being no elements of unreasonableness or unlawfulness in the order of the Public Utilities Commission herein, such order is affirmed.
 

 Order affirmed.
 

 AVeygandt, C. J., Turner, Matthias and Sohngen, JJ., concur.
 

 Hart, J., not participating.