MORRIS ET AL. *v.* DUBY ET AL., COMMISSIONERS.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF OREGON.

No. 372. Argued October 29, 1926.*—Decided April 18, 1927.

1. The power of the States to make reasonable regulations to protect highways from damage by vehicles is not affected by the Acts of Congress providing for national and state coöperation in the construction of rural post roads. P. 143.

---

* On the above date the Court entered an order remanding the case and vacating the judgment of the District Court upon the ground that the case had become moot. On January 10, 1927, the previous order was vacated on joint motion of counsel and the case was restored for reargument on February 28, 1927. On that day the case was submitted.

2. A state order limiting the maximum weight of motor trucks and loads on highways in the State is valid, if reasonable and non-discriminatory, and is applicable to vehicles moving in interstate commerce, in the absence of legislation by Congress. P. 143.

3. The fact that a truck company, in interstate commerce, may not make a profit if loads are limited as prescribed by a state highway regulation, does not prove the regulation unreasonable or discriminatory, and the fact that its competition with parallel steam roads may be prevented is outweighed by the fact that greater loads damage the highways. P. 144.

4. In the absence of a showing of fraud or abuse of discretion, a finding of the proper state administrative body as to the damage caused to highways by loads exceeding a specified weight must be accepted by this Court. P. 144.

5. The Acts of Congress and of Oregon for state and federal coöperation respecting construction and maintenance of highways do not impose a contractual obligation on the State to continue permitting the weights of trucks and loads that were permitted on the highways when the agreement was made. P. 144.

6. Under the convention effected between the State and the United States by the State's acceptance of the conditions prescribed in the Acts of Congress providing for state and federal coöperation, and use of federal funds, in improvement of highway systems and in facilitating carriage of the mail over them, maintenance of a highway is primarily imposed on the State, and regulation of its use is therefore a state function in which it is not to be interfered with unless regulations adopted are so arbitrary or unreasonable as to defeat the purposes of the federal acts. P. 145.

Affirmed.

APPEAL from a decree of the District Court refusing an interlocutory injunction and dismissing the bill, in a suit to enjoin the members of the Oregon Highway Commission from enforcing an order limiting the weight of trucks and loads that may operate on a highway in the State.

Messrs. W. R. Crawford and Edwin C. Ewing for appellants, submitted.

Sections 35 and 36 of the Oregon law enacted in 1921, as amended in 1923, and the acts of the highway commission thereunder, in reducing the capacity of certain

motor trucks, are unconstitutional and void, being in violation of the federal Constitution and the federal Highway Act, which was adopted by the State in 1917.

The federal Highway Act provided that the entire jurisdiction over federal-aided highways was to be vested in the federal government and gave the power and authority to the Secretary of Agriculture to carry out its provisions. The Secretary of Agriculture has the only power to take steps to conserve and preserve such highways and insure the safety of traffic thereon, and the enactment of the 1921 law and the 1923 amendments, and the acts of the highway commission in issuing and enforcing the order, were directly in violation of the agreement made by the State in the adoption of the provisions of the federal law in 1917. *Neilson* v. *Oregon,* 212 U. S. 315; *New Jersey* v. *Wilson,* 7 Cr. 165; *Buck* v. *Kuykendall,* 267 U. S. 307.

This order directly effects the just and reasonable charges on the interstate business.

If the State had directly fixed the present tariff and reduced the same 50% on said interstate business, the appellants would be entitled to an injunction and a decree after final hearing on the ground that such exaction would have been contrary to and in violation of the Constitution of the United States as being arbitrary, unreasonable and confiscatory. We consider that such order has the same effect. *Railroad Commission Cases,* 116 U. S. 307; *Chicago R. Co.* v. *Minnesota,* 134 U. S. 418; *Reagan* v. *Loan Co.,* 154 U. S. 362; *St. Louis R. Co.* v. *Gill,* 156 U. S. 649; *Buck* v. *Kuykendall,* 267 U. S. 307. The order is arbitrary and unreasonable and created a monopoly in favor of other common carriers in competition with the trucks of appellants.

*Mr. J. M. Devers,* Assistant Attorney General of Oregon, with whom *Mr. I. H. Van Winkle,* Attorney General, was on the brief, for appellees.

The paramount control of the public highways of the State is vested in the legislature. Control is sometimes delegated, but is never surrendered. 13 R. C. L., § 143; *Atkin* v. *Kansas,* 191 U. S. 207; *Cicero Lbr. Co.* v. *Cicero,* 176 Ill. 9; *Salem* v. *Anson,* 40 Ore. 339; Elliott, Roads and Streets, 2d ed. p. 8; *Brand* v. *Multnomah County,* 38 Ore. 79; *Yocum* v. *Sheridan,* 68 Ore. 237.

The right to regulate the public highways can not be abridged, alienated or contracted away by the legislature. *Mugler* v. *Kansas,* 123 U. S. 623; *Prigg* v. *Pennsylvania,* 16 Pet. 539; *Leisy* v. *Hardin,* 135 U. S. 100; *Boyd* v. *Allen,* 94 U. S. 645; *Stone* v. *Mississippi,* 101 U. S. 814.

The matter of regulating the amount of loads to be hauled over the highways is within the discretion of the authorities charged with their care and maintenance; and when any such regulation within the scope of the authority of the law-making power has been passed, the prima facie presumption is that the regulation is reasonable and proper, and in order to warrant the court in coming to a definite conclusion there must be evidence introduced showing that in the particular case the discretion granted to the legislative body has been abused and the rights of the individuals taken from them. Cooley, Const. L. 542; *Transportation Co.* v. *Chicago,* 99 U. S. 635; *Slaughter House Cases,* 16 Wall. 36; *Fertilizing Co.* v. *Hyde Park,* 97 U. S. 659; *Phelan* v. *Virginia,* 8 How. 163; *Stone* v. *Mississippi,* 101 U. S. 814; *Patterson* v. *Kentucky,* 97 U. S. 501; *Gibbons* v. *Ogden,* 9 Wheat. 31.

The organic provision securing private rights does not preclude reasonable regulation of the use of private property to preserve the highways and to preserve the public safety and welfare, even if such regulation renders less valuable or curtails the use of the property already acquired, the public safety and necessity being superior to private property rights. *Bonsteel* v. *Allen,* 83 Fla. 214; *Pittsburgh & R. Co.* v. *Hartford,* 170 Ind. 674; *Chicago*

*& Alton R. Co.* v. *Tranbarger,* 238 U. S. 67; *Fertilizing Co.* v. *Hyde Park,* 97 U. S. 659.   The order of the highway commission is not a regulation of interstate commerce, but a regulation of the highways under the police power.   *Buck* v. *Kuykendall,* 267 U. S. 307, distinguished.

Congress having made no regulation in regard to the use of the highways, the power is vested in the legislature of the State, being a local and concurrent power.   *Welton* v. *Missouri,* 91 U. S. 275; *Henderson* v. *Mayor,* 92 Ind. 259; *Mobile* v. *Kimball,* 102 Ind. 691; *Escanaba Co.* v. *Chicago,* 107 U. S. 678.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

The plaintiffs below, the appellants here, owned and operated for hire, under proper license, motor trucks on the Columbia River Highway in Oregon, from the east boundary of Multnomah County to the west limits of the city of Hood River, a distance of 22.11 miles.   This Highway extends from Portland to The Dalles, Oregon, and is a rural post road.   The plaintiffs have complied with all the state rules and regulations respecting the operation of motor trucks upon the Highway, and under previous regulations carried a combined maximum load of not exceeding 22,000 pounds.   The Highway Commission, under a law of Oregon, has reduced the maximum to 16,500 pounds, by an order in which the Commission recites that the road is being damaged by heavier loads. The plaintiffs filed this bill to enjoin the enforcement of the order, on the ground that it invades their federal constitutional rights.

The case was heard under § 266 of the Judicial Code, as amended by the Act of February 13, 1925, c. 229, 43 Stat. 926, before a court of three judges, on an order to show cause why a preliminary injunction should not issue restraining the Commission from enforcing the order.   A

motion to dismiss was interposed to the complaint, by the defendant and submitted at the same time. The District Court denied the application for a preliminary injunction, and granted the motion to dismiss the plaintiff's amended bill, on the ground that it did not state facts sufficient to constitute a cause of action or to entitle the plaintiffs to the relief demanded. As the plaintiffs refused to plead further, the cause was dismissed, and the case comes here directly from the District Court by virtue of paragraph 3 of § 238 of the Judicial Code, as amended by the Act of February 13, 1925, c. 229, 43 Stat. 936.

The Secretary of Agriculture, by virtue of three Acts of Congress, one of July 11, 1916, c. 241, 39 Stat. 355, an amendment thereto of February 28, 1919, c. 69, 40 Stat. 1189, 1200, and the Federal Highway Act of November 9, 1921, c. 119, 42 Stat. 212, is authorized to coöperate with the States, through their respective highway departments, in the construction of rural post roads. These require that no money appropriated under their provisions shall be expended in any State until it shall by its legislature have assented to the provisions of the Acts. They provide that the Secretary of Agriculture and the state highway department of each State shall agree upon the roads to be constructed therein and the character and method of their construction. The construction work in each State is to be done in accordance with its laws, and under the supervision of the state highway department, subject to the inspection and approval of the Secretary and in accord with his rules and regulations made pursuant to the federal acts. The States are required to maintain the roads so constructed according to their laws. In case of failure of a State to maintain any highway within its boundaries after construction or reconstruction, the Secretary is authorized to proceed on notice to have the highway placed in proper condition of maintenance, at the charge and cost of the federal funds allotted to the State,

and henceforth to refuse any further project in such State until the State shall reimburse the Government for such maintenance and shall pay into the Federal Highway Fund for reapportionment among all the States the sum thus expended.

By § 5, c. 237, of the General Laws of Oregon for 1917, the Oregon Highway Law was passed. That creates a highway commission with authority to carry out the provisions of the Act and to exercise general supervision over all matters pertaining to the construction of state highways and to determine the general policy of the highway department. By § 5, the Oregon Legislature assents to the provisions of the Act of Congress of 1916, furnishing aid in the construction of rural post roads, and the Department is authorized to enter into all contracts and agreements with the National Government relating to the survey, construction, improvement and maintenance of the roads under the Act of Congress, and to submit any scheme of construction as may be required by the Secretary of Agriculture, and to do all things necessary to carry out the coöperation contemplated by the Act. The good faith of the State is pledged to make the available funds sufficient to equal the funds apportioned to the State by the Government, and to maintain the roads constructed or improved with the aid of funds so appropriated, and to make adequate provision for carrying out such maintenance. By the General Laws of Oregon, 1917, § 28, c. 194, p. 256, 268, in force when the first federal act was passed, it was provided that no motor truck of over five tons capacity should be driven or operated on any road or highway of the State except with the consent and upon a permit issued by the county court of the county wherein such truck was sought to be driven or operated; and this was the provision of law in force when the law was passed accepting the federal acts for Oregon. By the General Laws of Oregon of 1921, c. 371, § 35,

it was provided that the Highway Commission and the county court might grant special permits to permit any vehicle having with its load a combined weight in excess of 22,000 pounds, to move on the highways, the permission to be written and to include such terms, rules and stipulations as the commission or court might deem proper. By § 36 of the same act, whenever in the judgment of the State Highway Commission or any county court or board of county commissioners of any county it would be for the best interests of the State or county and for the protection from undue damage of any highway or highways or any sections thereof, to reduce the maximum weights and speeds in the Act provided, for vehicles moving over or upon the highways of the State, and to fix the reduced weights and speeds and prohibit the use of such highways for any other weights, authority is given such commission or board to do so and to post a notice of the limitation.

The order complained of, set forth as an exhibit to the amended bill of complaint, recites that the Commission, as a result of due investigation, finds that the road is being damaged and injured on account of the kind and character of traffic now being hauled over it, and that the loads of maximum weight moved at the maximum speed are breaking up, damaging and deteriorating the road, and that it will therefore be for the best interests of the state highway that the maximum weight be reduced from 20,000 to 16,500, and that changes be made with respect to tires and their width.

The amended bill gives a history of the highway and its continued use for a weight of 22,000 pounds for four years, which has been availed of by the appellants as common carriers and as members of an Auto Freight Transportation Association of Oregon and Washington, with costly terminals in Portland established by requirement of that city; it alleges that the twenty-two miles

of the Columbia River Highway here involved is a part of the interstate highway from Astoria, Oregon, into the State of Washington, and all subject to the Federal Highway Acts, and that this order will interfere with interstate commerce thereon.  The amended bill denies the damage to the road as found by the Highway Commission, and says that the reduction of the limit will be unreasonable, arbitrary and discriminatory.  It avers that the plaintiffs have been engaged in active competition with steam railroads paralleling the Columbia River Highway and charging rates of traffic which, unless the appellants can use trucks combined with loads of 22,000 pounds, will prevent their doing business except at a loss.  It alleges that the acts of Congress and of Oregon constitute a contract by which the permission for the use of a truck of five tons capacity without regard to weight of the truck itself, is a term which can not be departed from by the State Highway Commission, and constitutes a protection to the plaintiffs of which they may avail themselves in this action.

An examination of the acts of Congress discloses no provision, express or implied, by which there is withheld from the State its ordinary police power to conserve the highways in the interest of the public and to prescribe such reasonable regulations for their use as may be wise to prevent injury and damage to them.  In the absence of national legislation especially covering the subject of interstate commerce, the State may rightly prescribe uniform regulations adapted to promote safety upon its highways and the conservation of their use, applicable alike to vehicles moving in interstate commerce and those of its own citizens. *Hendrick* v. *Maryland,* 235 U. S. 610, 622, *et seq.; Kane* v. *New Jersey,* 242 U. S. 160, 167.  Of course the State may not discriminate against interstate commerce. *Buck* v. *Kuykendall,* 267 U. S. 307.  But there is no sufficient averment of such discrimination in the bill.  In the *Kuykendall* case this Court said, p. 315:

" With the increase in number and size of the vehicles used upon a highway, both the danger and the wear and tear grow. To exclude unnecessary vehicles—particularly the large ones commonly used by carriers for hire—promotes both safety and economy. State regulation of that character is valid even as applied to interstate commerce, in the absence of legislation by Congress which deals specifically with the subject. *Vandalia R. R. Co.* v. *Public Service Commission*, 242 U. S. 255; *Missouri Pacific Ry. Co.* v. *Larabee Flour Mills Co.*, 211 U. S. 612. Neither the recent federal highway acts, nor the earlier post road acts, Rev. Stat., § 3964; Act of March 1st, 1884, c. 9, 23 Stat. 3, do that."

The mere fact that a truck company may not make a profit unless it can use a truck with load weighing 22,000 or more pounds does not show that a regulation forbidding it is either discriminatory or unreasonable. That it prevents competition with freight traffic on parallel steam railroads may possibly be a circumstance to be considered in determining the reasonableness of such a limitation, though that is doubtful, but it is necessarily outweighed when it appears by decision of competent authority that such weight is injurious to the highway for the use of the general public and unduly increases the cost of maintenance and repair. In the absence of any averments of specific facts to show fraud or abuse of discretion, we must accept the judgment of the Highway Commission upon this question, which is committed to their decision, as against merely general averments denying their official finding.

Nor is there anything either in the federal or state legislation to support the argument that the agreement between the national and state governments requires that the weight of truck and load which was permitted by the State when the agreement was made binds the State contractually to continue such permission. Conserving

limitation is something that must rest with the road supervising authorities of the State, not only on the general constitutional distinction between national and state powers, but also for the additional reason, having regard to the argument based on a contract, that under the convention between the United States and the State, in respect of these jointly aided roads, the maintenance after construction is primarily imposed on the State. Regulation as to the method of use, therefore, necessarily remains with the State and can not be interfered with unless the regulation is so arbitrary and unreasonable as to defeat the useful purposes for which Congress has made its large contribution to bettering the highway systems of the Union and to facilitating the carrying of the mails over them. There is no averment of the bill or any showing by affidavit making out such a case.

The temporary injunction was rightly refused and the motion to dismiss the bill was properly granted.

*Affirmed.*