BUTLER–NEWARK BUS LINE, Inc., v. SINCLAIR et al.

District Court, D. New Jersey. September 7, 1929.

No. 3849.

Walter G. Brandley, of Caldwell, N. J. (William H. Speer, of Newark, N. J., and Howard Osterhout, of Mineola, N. Y., of counsel), for plaintiff.

J. H. Harrison, of Newark, N. J. (Harry V. Osborne, of Newark, N. J., of counsel), for defendants.

Before DAVIS, Circuit Judge, and RUNYON and FAKE, District Judges.

FAKE, District Judge. The plaintiff seeks a preliminary injunction based upon bill, order to show cause, and supporting affidavits, pursuant to section 380 of title 28 U. S. Code Annotated.

Under the authority of P. L. N. J. 1870, p. 181, the Essex public road board either laid out or appropriated Park avenue in the county of Essex, New Jersey. Subsequently, by P. L. N. J. 1894, p. 128 (4 Comp. St. N. J. 1910, p. 4491), the road board was abolished, and the board of chosen freeholders of Essex county became vested with the powers, rights, and duties of the road board. On June 11, 1903, the board of chosen freeholders passed a resolution, which was duly approved on June 17, 1903, under the terms of which "the care, custody, and control of Park avenue, called in Newark Fifth avenue, throughout its entire length in the cities of Newark, Orange, and East Orange, and in the town of West Orange, and all rights in and control over said avenue which the board of chosen freeholders of the county of Essex" had, was transferred to the Essex county park commission; and acting under the authority of P. L. N. J. 1903, p. 504 (3 Comp. St. N. J. 1910, p. 4178, § 94), the park commission, by resolution dated June 16, 1903, consented to such transfer.

The Park Act of New Jersey of 1895 (P. L. p. 169), was amended by chapter 146, p. 257, P. L. N. J. 1914, and the park commission was thereby given power and authority to enact rules and regulations for the control of the parkways, roads, and driveways under its jurisdiction, controlling the speed of motor vehicles thereon, and limiting and preventing the driving or travel upon its parkways of public omnibuses. By virtue of this statutory authority the Essex county park commission on January 13, 1920, enacted an ordinance, section 1 of which provides that public omnibuses shall be excluded from the avenue known as Park avenue between certain points in the ordinance mentioned.

The plaintiff, a New Jersey corporation, desiring to engage in the business of common carrier for hire, and in such business to operate its buses in interstate commerce between points in the state of New Jersey and points in the state of New York, made application to the Essex county park commission for permission to operate interstate buses on Park avenue, which permission was denied. The resolution of the commission in denying the permission recites: (1) That Park avenue has been maintained as an integral part of the Essex county park system for more than 25 years. (2) That omnibuses have been excluded from that part of Park avenue over which plaintiff desires to pass. (3) That the enforcement of this prohibition is essential for the preservation of Park avenue as a parkway. (4) That such regulation is for safety and convenience. (5) That the operation of vehicles of the weight of the proposed buses will be destructive of the pavement, which was not constructed to carry such traffic. (6) That the proposed use would impede traffic upon the parkway. And (7) such use would make the parks and parkways less available to the people for resort and recreation. All of which are substantially covered by defendants' proofs.

To comprehend the issues which are raised in this proceeding, it is necessary to have an understanding of the peculiar characteristics and attributes of Park avenue as now laid out. The proofs disclose that for many years the Essex county park commission has been acquiring lands and laying out parks and parkways for the use of the public, and in furtherance of its policies has planned connecting parkways or driveways to connect the several parks under its jurisdiction, and although at the present time Park avenue does not reach the entire distance from Branch Brook Park to any of the other parks, still under the comprehensive plans of the commission it will be so connected at some future time, and at the present it affords an approach or entrance way to Branch Brook Park. In the center of the avenue an 8-foot strip had been reserved for many years, and beautified by plantings, and on either side thereof a 21-foot driveway is provided. The pavement of this driveway was constructed of a lighter type than would have been built, had it been contemplated that it would be subjected to such loads as motorbuses entail. Thus Park avenue is distinguished from the usual highway, and may be dealt with as being in a distinctly different class, so far as rules and regulations for its use are concerned.

■ Nor is such separate and distinct classification based on purely æsthetic grounds. The limited utility of the roadway, by reason of its narrow free ways and the inadequacy of its pavement for heavy traffic, are major guiding factors. "An examination of the acts of Congress discloses no provision, express or implied, by which there is withheld from the state its ordinary police power to conserve the highways in the interest of the public and prescribe such reasonable regulations for their use as may be wise to prevent injury and damage to them. * * * applicable alike to vehicles moving in interstate commerce and those of its own citizens." Morris v. Duby, 274 U. S. 135, 47 S. Ct. 548, 550, 71 L. Ed. 966. "With the increase in number and size of the vehicles used upon a highway, both the danger and wear and tear grow. To exclude unnecessary vehicles—particularly the large ones commonly used by carriers for hire—promotes both safety and economy. State regulation of that character is valid, even as applied to interstate commerce." Buck v. Kuykendall, 267 U. S. 307, 45 S. Ct. 324, 325, 69 L. Ed. 623, 38 A. L. R. 286; Austin v. Tennessee, 179 U. S. 343, 21 S. Ct. 132, 45 L. Ed. 224; Simpson v. Shepard, 230 U. S. 352, 33 S. Ct. 729, 57 L. Ed. 1511, 48 L. R. A. (N. S.) 1151, Ann. Cas. 1916A, 18; Sanger v. Lukens (D. C.) 24 F.(2d) 226; People's Rapid Transit Co. v. Atlantic City (N. J. Sup.) 144 A. 630.

■ The ordinance of the Essex county park commission now under review is therefore effective and binding as against the plaintiff, unless the commission was without power to enact it, for it is within the police power, because it is reasonable and excluding from Park avenue, as it does, intrastate as well as interstate buses, it is not discriminatory; nor is it an unreasonable attempt at the exercise of the police power to differentiate in the regulations applying to omnibuses and those applying to other vehicles as is provided in the ordinance under review. "The discriminations which are open to objection are those where persons engaged in the same business are subjected to different restrictions, or are held entitled to different privileges under the same conditions. It is only then that the discrimination can be said to impair that equal right which all can claim in the enforcement of the laws." Soon Hing v. Crowley, 113 U. S. 703, 5 S. Ct. 730, 733, 28 L. Ed. 1145. "One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary."

Lindsley v. Natural Carbonic Gas Co., 220 U. S. 61, 31 S. Ct. 337, 340, 55 L. Ed. 369, Ann. Cas. 1912C, 160. That burden is not sustained by the plaintiff's proofs here. Clearly there is nothing arbitrary in a prohibition against that class of vehicles known as omnibuses, if the reason underlying such prohibition be those set forth in the resolution of the park commission denying plaintiff's application.

■ It is urged that Park avenue is neither a parkway nor a driveway within the park or park reservation, and consequently does not come within the purview of the act of 1914, and that that statute is no authority upon which to base the ordinance of 1920, which excludes omnibuses. While it is true that as originally laid out Park avenue was deemed and taken to be a public road or highway, as mentioned in Barnes v. Park Commission, 85 N. J. Law, 73, 88 A. 837, 838, in that case the court says: "It may be conceded * * * that the Legislature itself may in its wisdom impair the public easement in a common highway by prohibiting business traffic thereon, and that such power may be delegated. But, when the claim is made that it has done so, its grant of such power, being in derogation of the common right to use the highway, * * * will be construed strictly, and clear authority for the enactment of the prohibition must be found." There can be no doubt that the language of the resolution of the board of freeholders of June 1903 intended to and did pass full care, custody, and control of Park avenue to the Essex county park commission, nor is there any doubt that the park commission had authority to accept the same, for such authority is expressly provided by P. L. N. J. 1903, p. 504.

The amendment to the Park Act of 1895 (P. L. N. J. 1914, c. 146, p. 257) expressly provides: "Said board shall have full power * * * to enact, alter, amend and repeal rules and regulations for the protection, regulation and control of * * * parkways * * * and to * * * prevent the driving or travel upon the parkways of * * * public omnibuses." Park avenue, having been taken over and beautified, as disclosed by the proofs herein, and having become a part of the chain or system of county parks in the county of Essex, is a parkway within the meaning of the act above quoted, and the ordinance of January 13, 1920, so far as it relates to omnibuses, is valid.

The application for a preliminary injunction to restrain the defendants from enforcing the aforesaid ordinance is denied.