## CITY GROCERY CO. et al. v. STATE ROAD DEPARTMENT OF FLORIDA et al.

District Court, N. D. Florida.

Aug. 8, 1932.

B. K. Roberts, of Tallahassee, Fla., for complainants.

Cary D. Landis, Atty. Gen. of State of Florida, H. E. Carter, Asst. Atty. Gen., and B. A. Meginniss, Atty. for State Road Department, of Tallahassee, Fla., for defendants.

Before BRYAN, Circuit Judge, and SHEPPARD and AKERMAN, District Judges.

BRYAN, Circuit Judge.

The Legislature of Florida at its regular session in 1931 enacted chapter 14764, approved June 15, providing for the supervision and regulation by the state railroad commission of motor vehicles used in the business of transporting persons and property for compensation over the public highways of

the state; and as a condition precedent to operation required that certificates of public convenience and necessity or permits be issued by the railroad commission. Section 11 of that act permits trucks "in common carriage" to carry a maximum load of 12,000 pounds, where the truck itself does not exceed 12,000 pounds in weight, thus fixing the combined weight of a truck and its load at 24,000 pounds. The Legislature at an Extraordinary Session in 1931 enacted also chapter 15625, which was approved on June 26. The last-mentioned act by section 3 (4) provides: "No motor vehicle shall be operated on a public highway outside of any municipal corporation in this State carrying a load of more than sixteen thousand pounds, including the weight of such motor vehicle."

In its concluding paragraph all laws in conflict are repealed; "but nothing in this Act shall be construed to repeal any part of" chapter 14764. Both of these chapters became effective on July 1, 1931.

Complainants, alleging themselves to be owners of private motortrucks, which they use in connection with their business for the distribution and delivery of groceries and merchandise which they sell to their customers, have filed a bill to enjoin the enforcement, as against any of their trucks, of the provision contained in section 3 (4) of chapter 15625 fixing a maximum weight limit of 16,000 pounds. Their contention is that this provision discriminates against them and denies to them the equal protection of the law, in violation of the Fourteenth Amendment, because chapter 14764 allows to a loaded common carrier truck, operating on the same highways, a maximum weight of 24,000 pounds. The case is before us now upon an application for interlocutory injunction pursuant to 28 USCA § 380.

■■■ In Tyson v. Stoutamire, 140 So. 454, a majority of the Supreme Court of Florida, recognizing that chapter 14764 established a greater maximum weight limit for common carrier trucks than was permitted for private trucks by chapter 15625, held that the difference in the maximum weight limits was based upon a reasonable and not an arbitrary classification. The contention that the owner of a truck which he used exclusively in his private business was unlawfully discriminated against, or was denied the equal protection of the laws, was therefore rejected and the constitutional validity of both acts was upheld. It was also held that the provision as to weight limit fixed by the later act did not repeal the corresponding provision in the earlier act which prescribed a greater weight limit. Furthermore, the two acts were treated as though they were parts of a single piece of legislation prescribing different weight limits for different classes of trucks. We of course accept the construction placed upon these two statutes by the Supreme Court of Florida, and therefore assume that the provision of chapter 14764, authorizing a maximum weight limit of 24,000 pounds for a loaded truck engaged in the business of a common carrier, has not been repealed, but is still in force and effect; and that the maximum road weight permitted for a private truck is 16,000 pounds. Lindsley v. Natural Carbonic Gas Co., 220 U. S. 61, 31 S. Ct. 337, 55 L. Ed. 369, Ann. Cas. 1912C, 160. It is settled law that in the absence of congressional legislation the states have the right by legislation to prescribe reasonable weight limits for motortrucks and other vehicles which use their public highways. Morris v. Duby, 274 U. S. 135, 47 S. Ct. 548, 71 L. Ed. 966; Sproles v. Binford, 52 S. Ct. 581, 585, 76 L. Ed. 1167 (opinion filed May 23, 1932). In the last-cited case it is said: "The state may also prevent the wear and hazards due to excessive size of vehicles and weight of load. Limitations of size and weight are manifestly subjects within the broad range of legislative discretion."

■ Prior to the meeting of the Legislature of 1931, and therefore prior to the passage of either of the acts above mentioned, the Legislature had provided in the exact language quoted from section 3 (4) of chapter 15625 that no motor vehicle should be operated on the public highway carrying a load of more than 16,000 pounds including the weight of the motor vehicle. Comp. Gen. Laws, § 1285. There is therefore a statute in force which without discrimination limits the weight of any loaded motortruck to 16,000 pounds. There never has been any statute which undertook to confer upon the owners of private motortrucks the privilege of placing upon the highways a loaded vehicle weighing 24,000 pounds. The only attempt has been by chapter 14764 to permit a certain class of loaded vehicles to exceed the weight limit that theretofore under the general law applied equally to all classes of trucks. There is here no grant of a general privilege to all owners of motortrucks and an attempt by way of exception to take the privilege away from the owners of private trucks. In such a case it may be that the owner of a private truck could complain of the discrimination because of the effort to take away from

him a privilege that had once been granted to him and that was being continued to owners of common carrier trucks. But in our opinion the owner of a private motortruck, who, along with all other owners of motortrucks, has been allowed to use the highways to carry a load of a specified weight, cannot claim the right to carry a heavier load merely because the Legislature has attempted to authorize owners of common carrier trucks to carry a heavier load. In short, one is not entitled to claim the benefit of a privilege that has been granted to some one else and denied to him. All that complainants can contend for is that they are entitled to carry a load of 16,000 pounds. Chapter 15625 does not in our opinion discriminate against them as they contend; but if it does, it merely re-enacts Comp. Gen. Laws 1927, § 1285, which applies equally to all motor carriers. If there is any unconstitutional discrimination, it is to be found in chapter 14764, which attempts to allow common carrier trucks to haul heavier loads than private trucks are allowed to haul. Whether chapter 14764 is constitutional or not is a question that is not presented by complainants, and is not otherwise properly before us for consideration.

The application for interlocutory injunction is denied.