**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-50403 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00608-JAK-28 |
| v. | |
| BERNARDO BON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted September 2, 2016[**]
Pasadena, California

Before:  TASHIMA, WARDLAW, and BYBEE, Circuit Judges.

Defendant Bernardo Bon asks us to overturn his drug-related convictions on

the ground that the district court failed to suppress evidence obtained during an

allegedly unlawful search.  Bon contends that the warrant authorizing officers to

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

search his home was invalid for lack of probable cause and for failure to comply with California Penal Code § 1526. Bon also argues that the district court erred in denying his request for an evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

1.    Probable cause exists when the judge issuing the warrant finds that, "given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed." *Id.* at 238–39 (second alteration in original) (quoting *Jones v. United States,* 362 U.S. 257, 271 (1960)). This is a totality of the circumstances test. *See id.* at 238; *United States v. Bridges*, 344 F.3d 1010, 1014–15 (9th Cir. 2003).

The magistrate judge here had a substantial basis for issuing the warrant. The Drug Enforcement Administration ("DEA") had been investigating a drug-trafficking operation that used PVC pipes to transport drugs. The DEA intercepted several telephone calls suggesting that a drug deal associated with the operation would take place at a local Home Depot. DEA Special Agent Nguyen relayed this information to Detective Richardson of the Los Angeles County Sheriff's

Department.  Detective Richardson established surveillance at the Home Depot and observed Karla Sauceda, whom the DEA had identified as a drug courier for the operation, wait for an hour for two men in a silver car to arrive.  Sauceda entered the Home Depot with one of the men, returning with a PVC pipe.  The two men then removed a large black bag from Sauceda's vehicle and left the Home Depot, followed by Detective Richardson.  While en route, one of the men rolled down his window and began looking around as if to see if they were being followed.  The men eventually arrived at Bon's residence, where aerial surveillance observed the driver transport the large black bag to a garage.  Under the totality of these circumstances, the magistrate judge had a substantial basis for issuing the search warrant.[1]

---

[1] Bon faults the warrant application for not outlining Agent Nguyen's training and experience.  Because the intercepted telephone conversations included coded language, Bon suggests that it was necessary to include Agent Nguyen's training and experience in the warrant to establish his ability to interpret the code.  Bon ignores that Detective Richardson independently corroborated Agent Nguyen's interpretation by observing the suspicious exchange at the Home Depot.  *Cf. Gates*, 462 U.S. at 242 ("Our decisions applying the totality-of-the-circumstances analysis outlined above have consistently recognized the value of corroboration of details of an informant's tip by independent police work.")  As the district court noted, "That Sauceda appeared at the places Richardson expected to see her and when he expected to see her, supports the inference that [Agent Nguyen] understood what the calls meant."

Bon's additional contention that a pre-warrant protective sweep of his residence was illegal is irrelevant. "The mere inclusion of tainted evidence in an affidavit does not, by itself, taint the warrant or the evidence seized pursuant to the warrant. A reviewing court should excise the tainted evidence and determine whether the remaining, untainted evidence would provide a neutral magistrate with probable cause to issue a warrant." *United States v. Vasey*, 834 F.2d 782, 788 (9th Cir. 1987). Here, there was a substantial basis for concluding that probable cause existed without considering any evidence obtained during the protective sweep.

2.      Although Detective Richardson failed to record his warrant application as required by California Penal Code § 1526, "evidence will only be excluded in federal court when it violates federal protections, such as those contained in the Fourth Amendment, and not in cases where it is tainted solely under state law." *United States v. Cormier,* 220 F.3d 1103, 1111 (9th Cir. 2000)*.* California's recording requirement for telephonic warrant applications has no federal constitutional counterpart. Accordingly, failure to comply with California's recording requirement does not require suppression.

3.      We will review "for an abuse of discretion a court's decision whether to conduct an evidentiary hearing on a motion to suppress." *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000). A defendant is not entitled to an evidentiary

hearing when his contentions are merely conjectural. *United States v. DiCesare*, 765 F.2d 890, 896 (9th Cir. 1985). Bon's only argument for an evidentiary hearing is a purely conjectural assertion that the government is hiding a relevant document and offering a fabricated one in its place. The district court did not abuse its discretion in denying Bon's request for an evidentiary hearing.

**AFFIRMED**.