The People of the State of New York, Appellant, *v.* Frank Creeden, Respondent.

414

Submitted September 29, 1939; decided November 21, 1939.

*Henry Hirschberg, District Attorney,* for appellant.

*John J. Bennett, Jr., Attorney-General* (*Henry Epstein, Joseph A. McLaughlin* and *Maurice H. Matskin* of counsel), for Industrial Commissioner of the State of New York, *amicus curiæ.*

*J. Allan Ballman* for respondent.

LOUGHRAN, J.   The defendant was convicted by a Police Court of the offense of operating a motor truck on public highways contrary to section 167 of the Labor Law (Cons. Laws, ch. 31), as amended by chapter 902 of the Laws of 1936.   On his appeal to the County Court of Orange county, it was held that the statute was an unconstitutional enactment and on that ground the judgment was reversed and the information dismissed.   By permission of the Chief Judge, the People bring the case here for review.

The offense was charged as having been committed on May 10, 1937.   At that time, section 167 read in part as follows: " When any driver of a motor truck or motor bus shall have been on duty continuously for ten hours or at separate intervals for ten (10) hours in the aggregate or less in any fourteen consecutive hours including time for meals, even though part of such time shall have been outside of the state of New York he shall not continue or again go on duty without having had at least eight consecutive hours off duty.   *   *   *   The provisions of this section shall not apply in case of accident or act of God nor when there is delay which was caused by the elements or a cause not

known to the driver or owner or his or its officers in charge of such operations at the time that such driver left the place where he last went on duty prior to such delays. Every driver of a motor truck shall keep and carry on the vehicle records showing the day and hour when and the place where he went on and was released from duty, whether in this state or outside of this state. The industrial commissioner shall prescribe the form of such records * * *. Such records shall be exhibited to any state policeman or peace officer who shall demand to see the same. Failure to produce such records upon demand shall be presumptive evidence of a violation of this section relating to keeping of such records. In any prosecution for the violation of any of the provisions of this section such records shall be *prima facie* evidence of the truth of the contents thereof. * * * Any person violating the provisions of this section or failing to keep or falsifying any records to be kept in compliance therewith * * * shall be guilty of a misdemeanor, and punishable by a fine not exceeding fifty dollars, or by imprisonment not exceeding six months, or both. It shall be the duty of the state police and of all peace officers, and they are hereby authorized and empowered to assist in the enforcement of the provisions of this section."

The record of the People's case is short enough to be quoted in full:

" Clyde K. Miller, being duly sworn, testified as follows:

" On May 10, 1937, one Frank Creeden, of New Hampton, New York, operating a Mack truck, registration 237341, was stopped at Denton Hill by me. I requested to see the time card carried by the defendant. He presented me with this time card which I would like to offer in evidence. (Time card is received and marked in evidence as People's Exhibit No. 1, of this date.)

" Mr. Ballman: I object to it on the ground that the time card is in violation of Article 1, Section 6, of the New York State Constitution in that the time sheet contains self-incriminatory matter which compels the defendant in a criminal case to be a witness against himself.

" The Court: Motion denied.

" Mr. Ballman: Exception.

" Trooper Miller: According to the time card presented the defendant had been on duty driving a truck over a period of time longer than the ten hours allowed by law under Section 167 of the Labor Law. He had operated a truck a total of eleven hours actual driving. Another hour's time not driving, one-half hour loading truck, one-half hour for lunch. In other words, when I arrested this man he had been on duty twelve for which eleven hours was actual driving time, one hour in excess to the time allowed.

" *Cross Examination by Mr. Ballman:*

" Q. Trooper Miller, outside of the statements contained in the time card, which you have offered in evidence, do you know of your own knowledge the number of hours that the defendant Creeden was operating this truck? A. No.

" Q. That's all.

" The People rest."

The probative sufficiency of this evidence is not challenged by the defendant; but he now presses the objection that his constitutional immunity from compulsory self-incrimination was infringed by the evidentiary use against him of the daily time record which he had surrendered to the arresting officer.

The only significant facts recorded by that writing were that on the day in question the defendant began duty at 2:30 A. M., and that during that day he had twice been released from duty — " from 6:30 A. M., to 7 A. M., while loading truck " and later when he had a " half hour for lunch." Thus the document in itself disclosed nothing incriminatory. The alleged criminal act was the defendant's voluntary continued driving of the truck after the entries had been made for the statutory purpose. Since the witness who assumed to testify to such driving was the arresting officer, we are unable to see how the defendant was compelled to incriminate himself. (See *People* v. *Rosenheimer*, 209 N. Y. 115, 122; 4 Wigmore on Evidence

[2d ed.], § 2259-c. Cf. *People ex rel. Ferguson* v. *Reardon,* 197 N. Y. 236, as explained in *People* v. *Defore,* 242 N. Y. 13, 27.)

The same considerations sufficiently dispose of the defendant's contention that his delivery of the daily time record to the arresting officer was an extrajudicial confession which did not warrant his conviction without additional proof that the crime charged had been committed. By his surrender of the document, the defendant did not admit his guilt of any offense; and admissions of anything less than guilt itself are not " Confessions " in the true sense of that term in the criminal law. (See *People* v. *Reilly,* 224 N. Y. 90, 96; 2 Bishop's New Criminal Procedure [2d ed.], § 1217.)

The only other point urged by the defendant is that the statute made exceptions which amounted to a denial of the equal protection of the laws. Those exceptions were enacted as follows: " The provisions of this section [167] shall not apply to the operation of a motor truck or motor bus while being operated exclusively in a city and/or incorporated village nor to the operation of a motor truck or motor bus in and between cities and/or incorporated villages lying adjacent to the place where the driver thereof has gone on duty when such vehicle is not operated on a fixed schedule nor to the operation of a motor truck owned by a farmer and operated by himself or an employee when used in the hauling of farm, dairy or horticultural products and farm supplies for himself or his farm neighbors to market, creamery or place of storage, nor to the operation of wrecking and towing cars."

The obvious purpose of this law was to safeguard travellers upon the highways. " The legislature in making its classification was entitled to consider frequency and character of use and to adapt its regulations to the classes of operations, which by reason of their habitual and constant use of the highways brought about the conditions making regulation imperative * * *." (*Continental Baking Co.* v. *Woodring,* 286 U. S. 352, 373.) For aught we know, the dangers that result from fatigue induced by protracted

driving may not prevail to a momentous degree in the localized or sporadic situations which the Legislature here chose to remove from the operation of the statute. It was for the defendant to demonstrate that some permitted exception was a preference so arbitrary as to offend the rule of equal protection. This he has not done. (See *Welch Co.* v. *New Hampshire*, 306 U. S. 79.)

The order of the County Court should be reversed and the judgment of the Court of Special Sessions affirmed.

RIPPEY, J. (dissenting). The oral evidence in this case, taken upon the trial, is quoted in full in the opinion of Judge LOUGHRAN for reversal. Conviction for the commission of crime under the laws of this State still requires evidence to support it. Here, defendant should not be convicted under the statute (Labor Law, art. 5, § 167) unless the evidence established beyond reasonable doubt that defendant " shall have been on duty continuously for ten hours or at separate intervals for ten (10) hours in the aggregate or less in any fourteen consecutive hours including time for meals " and that he continued on duty thereafter without a layoff of at least eight consecutive hours. There is no evidence of the time of day when the arrest was made. Giving full effect to everything stated in the time card, defendant went on duty at 2:30 A. M., May 10, 1937, was released from duty from 6:30 A. M. to 7 A. M. and for one-half hour for lunch and entered New York State at 1 P. M. The officer testified that he had no knowledge or information of the number of hours that defendant was operating the truck except that furnished by the time card. If taken for all that it is worth, the evidence thus establishes that defendant continued work after a total elapsed time on duty of ten and one-half hours during which he was off duty or released from duty one hour. On this feature of the statute, there was no evidence of its violation.

Notwithstanding the fact that for failure of proof the conviction here cannot be sustained, the point is to be

avoided apparently by this court on the ground that appellant's attorney did not mention it in his brief. That ground was specifically urged at the close of the trial for discharge of the defendant and dismissal of the information. The rule is invariable that the court will not consider the constitutional question if the case may be decided upon other grounds (*Burton* v. *United States*, 196 U. S. 283, 295.) The case may be decided on other grounds here, but as the majority of the court are to decide otherwise, we pass to the constitutional question.

It is asserted here and has been asserted from the time of the defendant's arrest that the admission of the time card was in violation of the defendant's constitutional rights and in that connection it is urged that the defendant was compelled to be a witness against himself in violation of article 1, section 6, of the New York State Constitution. The statute required the defendant to keep and carry on the vehicle records showing the day and hour when and the place where he went on and was released from duty and failure to keep such records or to keep such records correctly is made a crime. The statute provides that such records *shall be exhibited* to any State policeman or peace officer who shall demand to see them and that failure to produce the records upon demand shall be presumptive evidence of a violation relating to the keeping of such records. The statute also provides that in any prosecution for violation of any of the provisions of the section, such records shall be *prima facie* evidence of the truth of the contents thereof. Here, the officer demanded the production of the records which were kept by the defendant and he was compelled, on penalty of being prosecuted for a criminal offense, to produce them and upon production they constitute the only evidence upon which conviction has been had. There can be no doubt that the defendant was thereby compelled to be a witness against himself in clear violation of the constitutional provision, under which he might seek protection (*People ex rel. Ferguson* v. *Reardon*, 197 N. Y. 236). The decision in the *Ferguson* case has in no manner

422

been weakened or modified by the decision in *People* v. *Defore* (242 N. Y. 13). It was cited with approval in *Bean* v. *Flint* (204 N. Y. 153, 167) and *People ex rel. Woronoff* v. *Mallon* (222 N. Y. 456, 466) and also in *Internal Revenue Agent* v. *Sullivan* (287 Fed. Rep. 138, 141) and is controlling on the question here involved.

An effort is made to avoid this conclusion on the ground that the crime charged is the continuance on duty after the expiration of the continuous ten hours of duty, but such a distinction is purely fictitious and untenable. There are two elements necessary to be established to convict the defendant of the crime charged. *First*, he must have been on continuous duty for a period of ten consecutive hours or for fourteen hours, taking into consideration the time off for lunch, etc., and, *second*, he must have remained on duty at the expiration of that time. The first element of the case, according to the provisions of the statute, is to be established by the record of the defendant, which he was compelled to produce.

The order appealed from should be affirmed.

CRANE, Ch. J., LEHMAN, HUBBS and FINCH, JJ., concur with LOUGHRAN, J.; RIPPEY, J., dissents in opinion; O'BRIEN, J., taking no part.

Ordered accordingly.