MID-STATES FREIGHT LINES, INC., et al., Plaintiffs, *v.* SPENCER E. BATES et al., Constituting the State Tax Commission, Defendants.

Supreme Court, Special Term, Ulster County, January 23, 1952.

*Boudin, Cohn & Glickstein, Zelby & Burstein, Harris J. Klein* and *Sol Rubenstein* for plaintiffs.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, John C. Crary, Jr.,* and *Robert W. Bush* of counsel), for defendants.

SCHIRICK, J. This action is brought by a number of highway motor carriers, interstate and intrastate, public and private, for a declaration that the highway use tax, also known as the weight-distance tax (L. 1951, ch. 74), is unconstitutional, and for an injunction restraining its enforcement. The validity of the statute is the issue posed by both motions now before the court, plaintiffs' motion for a temporary injunction and the defendants' motion for judgment on the pleadings. For a determination of such motions it is necessary first to look at the statute.

The legislative findings underlying the highway use tax are stated in the statute as follows: " The legislature hereby finds and declares that the operation of heavy motor vehicles upon the highways of this state greatly increases wear and damage on such highways; that there is a direct relationship between the weight of the vehicle using such highways and the damage done to them; that the period of usefulness of such highways is shortened by such use; that the effect of such use is to create and augment hazards to pedestrians and other traffic and to impose on the state a heavier financial burden for highway

construction, maintenance and policing than does the operation of smaller vehicles; that the provisions of this article are therefore necessary and are hereby enacted to distribute more equitably this financial burden and to compensate the state in part for the privilege granted to such heavy vehicles of using the highways of the state and for the cost of administering state traffic regulations.''

The statute is now set forth in article 21 of the Tax Law, sections 501 to 515, inclusive. Section 503 imposes a highway use tax '' based upon the gross weight of each vehicular unit and the number of miles it is operated on the public highways in this state * * * computed by multiplying the number of miles operated on the public highways in this state by the appropriate weight group tax rate as it appears in the following table.''

A highway use permit is required by section 502 of every carrier as defined in section 501. Such definition excludes omnibuses and certain specialized vehicles, such as road rollers, tractor cranes and others, and vehicles having a gross weight alone or in combination with any other motor vehicle not in excess of 18,000 pounds.

Further exemptions are set forth in section 504 of the statute which reads as follows:

'' The provisions of this article shall not apply to any vehicular unit:

'' 1. Operating over a rural route and engaged exclusively in the transportation of United States mail under contract.

'' 2. Owned and operated by the United States, this state or any county, city, town or municipality in this state, or by any agency or department thereof.

'' 3. Owned and operated by a farmer and used exclusively by such farmer in transporting his own agricultural commodities and products, pulpwood or livestock, including the packed, processed, or manufactured products thereof, that were originally grown or raised on his farm, lands or orchard, or when used to transport supplies to his farm or orchard that are consumed and used thereon or when operated by a farmer in transporting farm products from a farm contiguous to his own.''

Exempted from payment of the tax, but not from the requirement of a highway use permit, are vehicles covered by subdivision 2 of section 503 of the statute, which reads as follows:

'' 2. The tax imposed by this section shall not apply to a vehicular unit:

" (a) used exclusively within the limits of any zone established by the public service commission, or

" (b) used exclusively within the incorporated limits of a city or village in which the original starting point of such vehicle is located and which use, either alone or in conjunction with another vehicle or vehicles is not a part of any journey beyond the limits of said city, village or zone."

It is such taxing statute, with the exclusions and exemptions hereinabove noted, which the plaintiffs attack as unconstitutional. Their attack is based upon the following contentions:

1. That it imposes an undue and unreasonable burden upon interstate commerce.

2. That it denies and deprives them of the equal protection of the laws guaranteed to them by the Constitutions of the United States and the State of New York.

3. That it constitutes an illegal delegation of legislative powers in violation of the Constitution of the State of New York.

4. That it incorporates by reference the provisions of another law in violation of section 16 of article III of the Constitution of the State of New York.

The power of a State to levy a tax upon vehicles as compensation for the use of its highways has long been recognized. The commerce clause of the United States Constitution (U. S. Const., art. I, § 8) does not bar such tax. In *Clark* v. *Poor* (274 U. S. 554) decided in 1927, a contention denying such power was overruled. The court stated: " The contrary is settled. The highways are public property. Users of them, although engaged exclusively in interstate commerce, are subject to regulation by the State to ensure safety and convenience and the conservation of the highways. *Morris* v. *Duby, ante* [274 U. S.], p. 135; *Hess* v. *Pawloski, ante* [274 U. S.], p. 352. Users of them, although engaged exclusively in interstate commerce, may be required to contribute to their cost and upkeep. Common carriers for hire, who make the highways their place of business, may properly be charged an extra tax for such use. *Hendrick* v. *Maryland,* 235 U. S. 610; *Kane* v. *New Jersey,* 242 U. S. 160. Compare *Packard* v. *Banton,* 264 U. S. 140, 144." (P. 557.)

The trend of decisions upon this issue has been such as to " apply a closure to debate " (*Aero Transit Co.* v. *Georgia Comm.,* 295 U. S. 285, 289 [1935]).

In *Aero Transit Co.* v. *Commrs.* (332 U. S. 495 [1947]) the court said that it was " far too late to question that a state, consistently with the commerce clause, may lay upon motor

vehicles engaged exclusively in interstate commerce, or upon those who own and so operate them, a fair and reasonable nondiscriminatory tax as compensation for the use of its highways.'' (P. 503.)

The only limitations upon the exercise of such power by a State are that the tax be actually laid upon road use, rather than the privilege of doing interstate business; that it do not discriminate against interstate commerce; and that it do not exceed reasonable compensation for the privilege granted (*Capital Greyhound Lines* v. *Brice,* 339 U. S. 542 [1950]).

The formula employed by a State to exact reasonable compensation from carriers for the privilege of using its highways is not of crucial importance. The court has recognized the practicable impossibility of devising a formula which will result in exact or mathematical precision in equating the tax to the privilege conferred. Rough approximation rather than precision will suffice and if the amount of the tax is not unreasonable it will be upheld (*Capital Greyhound Lines* v. *Brice, supra*).

In line with this reasoning many different types of formulæ have received the sanction of the court. Taxes based upon flat rates, weight, mileage, ton-miles, carrying capacity and market value of the vehicle, have been approved. (See *Aero Transit Co.* v. *Commrs., supra; Interstate Busses Corp.* v. *Blodgett,* 276 U. S. 245 [1928]; *Continental Baking Co.* v. *Woodring,* 286 U. S. 352 [1932]; *Morf* v. *Bingaman,* 298 U. S. 407 [1936]; *Dixie Ohio Co.* v. *Comm.,* 306 U. S. 72 [1938]; *Capital Greyhound Lines* v. *Brice, supra,* and *Clark* v. *Poor, supra.*)

Where the tax is truly compensatory of road use, the carrier will not be heard to complain that the proceeds thereof are commingled with the general funds of the State. If the incidence and amount of the tax are not objectionable '' the use to which the proceeds are put is not a matter which concerns the plaintiffs '' (*Clark* v. *Poor, supra,* p. 557; *Aero Transit Co.* v. *Comm., supra; Morf* v. *Bingaman, supra*) .

In the instant case the statute and the legislative proceedings upon which it is based establish with more than customary clarity that what is here imposed is a compensatory tax for road use. The formula employed, while necessarily inexact, indicates unusual care to equate the sum exacted to the benefits conferred. In the face of the authorities, the court cannot say that a tax upon road use measured by the ton-mile formula here adopted, applicable alike to interstate and intrastate commerce, and in an amount not shown to be unreasonable, con-

stitutes a violation of the interstate commerce clause of the United States Constitution.

We come then to the exemptions and exclusions appearing in the statute. These are forcibly urged by the plaintiffs as invalidating the tax, both because of the commerce clause and the equal protection clause of the Constitution.

The exclusions and exemptions chiefly complained of are the following:

1. Vehicles weighing not more than 18,000 pounds.

2. Omnibuses.

3. Vehicles owned and operated by a farmer and referred to in subdivision 3 of section 504 of the law.

4. Vehicles used exclusively within a zone or within the limits of a city or village and referred to in subdivision 2 of section 503 of the law.

It is contended that by reason of such exclusions, the tax has lost its compensatory character and constitutes instead an effort to make a small group of truck operators defray the cost of a highway system which is used in greater part by others who are not taxed.

This contention brings into issue the matter of classification, concededly a difficult issue in the application of constitutional principles. Difficult or not, it must be resolved. Classification is inherent in all legislation. A line must be drawn between what is and what is not to be covered by a statute. The judicial function is limited to the inquiry whether the classification has a rational basis. If it has, one affected by the statute will not be heard to complain that another, who might also have been taxed, has been passed by (*Sproles* v. *Binford*, 286 U. S. 374 [1931]).

The principle finds apt expression in *Clark* v. *Paul Gray, Inc.* (306 U. S. 583 [1939]) as follows: " The classification of the traffic for the purposes of regulation and fixing fees is a legislative, not a judicial, function. Its merits are not to be weighed in the judicial balance and the classification rejected merely because the weight of the evidence in court appears to favor a different standard. Cf. *Worcester County Trust Co.* v. *Riley*, 302 U. S. 292, 299. The determination of the legislature is presumed to be supported by facts known to it, unless facts judicially known or proved preclude that possibility. *Standard Oil Co.* v. *Marysville*, 279 U. S. 582, 584; *Borden's Farm Products Co.* v. *Ten Eyck*, 297 U. S. 251, 263; s. c. 11 F. Supp. 599, 600; *South Carolina Highway Dept.* v. *Barnwell Bros.*, 303 U. S. 177, 191–192; *United States* v. *Carolene Products*

*Co.,* 304 U. S. 144, 153–154. Hence, in passing on the validity of the present classification, it is not the province of a court to hear and examine evidence for the purpose of deciding again a question which the legislature has already decided. Its function is only to determine whether it is possible to say that the legislative decision is without rational basis. This is equally the case where the classification, which is one which the legislature was competent to make, is applied to vehicles using the state highways in interstate commerce." (P. 594.)

The court finds no difficulty in finding a rational basis for every exemption and exclusion contained in the statute.

*Exclusion of vehicles of 18,000 pounds or less:* The relation between weight and road damage was one to which the legislative committee considering this statute gave much thought. While there is a difference of opinion whether the true measure of road damage is gross weight or axle load, the legislative decision thereon may not be judicially disturbed (*S. C. Hwy. Dept.* v. *Barnwell Bros.,* 303 U. S. 177 [1938]). Unquestionably, size and weight have a bearing upon wear and tear (*Aero Transit Co.* v. *Commrs., supra*). There was evidence available to the Legislature that smaller vehicles, by their license fees and gasoline taxes, meet their just share of the burden of highway maintenance to an extent not borne by heavier vehicles. A line had to be drawn, above which additional charges would be exacted. It has not been shown that the line drawn at 18,000 pounds lacks substantial basis, or even that a line drawn at a different point would better serve the ends of fairness and justice.

*Omnibuses:* Since another statute taxes carriers of persons on the basis of gross receipts (L. 1951, ch. 601), the Legislature could properly exclude them from the operation of the instant tax, which is more appropriate to cargo carriers. The existence of another tax is good ground for exemption (*Interstate Busses Corp.* v. *Blodgett, supra*). It has further been held that the " distinct public interest in the transportation of persons " justifies a distinction between carriers of persons and carriers of goods in a taxing statute (*Sproles* v. *Binford, supra,* p. 396).

*Farmers' Exception:* This is contained in subdivision 3 of section 504 of the law, which has hereinabove been set forth in full. Similar exceptions have been sanctioned by the courts both for intrinsic considerations and reasons of policy. The use of highways by farmers in connection with their agricultural pursuits, in contrast to that of commercial carriers, may well be deemed casual, infrequent and incidental (*Continental*

*Baking Co.* v. *Woodring, supra; Hicklin* v. *Coney,* 290 U. S. 169 [1933]). It has further been held that the Legislature is authorized to make a distinction in favor of farmers to the end that fiscal burdens may be borne in accordance with its conception of policy and justice (*Aero Transit Co.* v. *Commrs., supra;* see, also, *People* v. *Creeden,* 281 N. Y. 413 [1939]).

*Exemption of Vehicles Used Exclusively Within Limits of City, Village or Commercial Zone:* It is to be noted that this exemption is granted only where the vehicle is used *exclusively* within such locality. It is not accorded for mileage within such limits if such mileage is part of a larger use. The plaintiffs are not accurate, therefore, in their contention that this exclusion operates to exempt 50% or more of all State highway use. Be that as it may, the Legislature may well have determined that local taxes and regulations amply cover such traffic. Its conclusion not to interfere with, or duplicate municipal efforts in this field cannot, therefore, be said to be without reasonable basis. Such traffic primarily uses local streets rather than State highways. Considerations such as these induced the Supreme Court to sanction such exemption in *Continental Baking Co.* v. *Woodring (supra),* where the exemption applied to traffic within a municipality and also traffic within a radius of twenty-five miles therefrom. The court pointed out that (p. 370) there was a " penumbra of town " outside municipal limits. The fact that traffic within such zone uses city streets primarily, and State highways but slightly, and the practical difficulty of keeping records in such cases sufficed to uphold the exemption.

Much more extensive zonal exclusions, comprising the northern and southern halves of the State of California, were sanctioned in *Clark* v. *Gray (supra).*

In view of the authorities, the court concludes that the exemptions contained in the instant statute do not contravene constitutional prohibitions.

The next contention of the plaintiffs is that the statute grants an unconstitutional delegation of legislative power to an administrative body. This contention is based on paragraph (a) of subdivision 2 of section 503 of the law, exempting vehicles " used exclusively within the limits of any zone established by the public service commission ".

If the statute, properly construed, permits the Public Service Commission to change such zones and thereby to expand or restrict the exemption, such contention is not without merit. This, however, is a matter of statutory construction and heed

must be paid to the principle that such construction be adopted, if possible, as will uphold the validity of the act (*Matter of McAneny* v. *Board of Estimate*, 232 N. Y. 377 [1922]).

In the opinion of the court the statute may properly be construed as referring to such zones as had been defined and were in existence at the time of the enactment of the law. These zones were delineated pursuant to the authority granted to the Public Service Commission pursuant to article 3-B of the Public Service Law. They had been published in the New York Official Compilation of Administrative Codes, Rules and Regulations and were well-defined geographical units. In referring to them as areas of exemption, the Legislature abdicated none of its legislative functions.

Finally, it is claimed that the exemption of zone traffic constitutes legislative incorporation by reference, forbidden by section 16 of article III of the New York State Constitution. It is permissible, however, to refer to another statute. What is forbidden is to incorporate another statute. In referring to the zones in question the Legislature took cognizance of existing geographical entities. The exact boundaries thereof need not be set forth at length. There is no violation of constitutional prohibition in so doing. (See *Burke* v. *Kern*, 287 N. Y. 203 [1941].)

The court has given serious attention to all of the objections which have been asserted by the plaintiffs. It has found none of sufficient weight to warrant a declaration of unconstitutionality. The tax, in this State at least, is a novel one. In days of constantly increasing tax burdens the highway use tax doubtless constitutes additional vexation to those upon whom it falls. This is not to say, however, that the Legislature has invaded a field that is closed to it.

The motion of the plaintiffs for a temporary injunction is denied. The motion of the defendants for judgment on the pleadings is granted.