OPINION OF THE COURT
John G. Connor, J.
Plaintiff seeks a declaratory judgment asking the court to declare an ordinance passed by the Albany Common Council on October 10, 1979 and amended on August 27, 1982 to be unconstitutional.
The ordinances in question prohibit the restoration of “the brick or stone exterior of any building or structure by sandblasting wire brushing by machine or any other procedure or process whereby sand, grit or other abrasive is used or applied by pressure alone or with other ingredients of solutions to effect the removal of dirt, soot, paint or other matter or substance therefrom.”
Plaintiff contends the aforesaid statute denies plaintiff from carrying on its business in the City of Albany and that the statutes have no rational basis in its application.
Charles Hartman, president and owner of plaintiff’s business testified that plaintiff’s system to remove paint from existing brick buildings is unique from the standard dry or wet method of sandblasting. Under plaintiff’s method less pressure (PSI) is used, the water flow acting as *169 a cushion and that plaintiff had obtained a United States patent to his method called “pressure grit washing”.
Joseph Buechs, the alderman who had introduced the ordinances in question, testified that certain neighborhood associations had petitioned the council regarding outside investors in the rehabilitation or restoration of buildings. Under Federal financing, sandblasting or abrasive methods are not allowed.
A Richard Patrick, head of Capitol Hill Architectural Commission (CHARC), stated that an informational meeting was held to determine the various methods of restoration and plaintiff as well as others were each allowed 15-minute presentations.
The defendant produced Robert Filippi, an architect and former associate professor at R.P.I. who had observed plaintiff’s work performed at 339 Madison Avenue, Albany, New York. Color slides were introduced showing the effect of plaintiff’s application. Mr. Filippi had informed the city that “the brick was dull, soft, powdery and pitted and the edges of the brick were somewhat removed.” In his opinion as an expert he stated “the least desirable thing to do is to remove the bisque [hard shell covering]”.
Robert Blum testifying on behalf of the plaintiff outlined the history of Hudson River common brick, describing its qualities and characteristics. He described the brick as relatively soft and pointed out the importance of preserving the “bisque” which he explained is the outer shell “similar to the crust on the loaf of bread.” Mr. Blum’s expert opinion conceded that Mr. Hartman’s (plaintiff) method caused “the least damage”.
The first question presented to the court is whether the prohibition of sandblasting and other abrasive methods including plaintiff’s method of “pressure grit washing” has a reasonably, related evil which can be reasonably apprehended to the proscription of the ordinance.
Both plaintiff’s and defendants’ proof indicate that removal of the bisque from the brick irreversibly causes deterioration to the brick. Although plaintiff’s method “causes some damage” (Partap M. Narsu, plaintiff’s witness) or the “least damaging” (Robert Blum, plaintiff’s *170 witness), the method falls within the category of abrasives and does in fact remove the bisque.
Under subdivision 13 of section 20 of the General City Law:
“every city is empowered * * *
“to * * * protect property and preserve and care for the safety, health, comfort and general welfare of the inhabitants * * * and for any of said purposes to regulate and license occupations and business.” (See General City Law, § 20, subds 24, 25.)
The evidence demonstrates that there is a reasonable apprehension that abrasive methods utilizing the removal of paint from brick surfaces, does in fact damage the bisque and thereby is harmful or destructible to rehabilitation and renovations of brick buildings.
As pointed out in Lighthouse Shores v Town of Islip (41 NY2d 7, 11): “The exceedingly strong presumption of constitutionality applies not only to enactments of the Legislature but to ordinances of municipalities as well. While this presumption is rebuttable, unconstitutionality must be demonstrated beyond a reasonable doubt and only as a last resort should courts strike down legislation on the ground of unconstituonality. The ordinance may not be arbitrary. It must be reasonably related to some manifest evil which, however, need only be reasonably apprehended.”
Giving plaintiff every favorable interpretation of the evidence, at best there is a reasonable inference that plaintiff’s method does some damage and at most, a difference of opinion as to whether plaintiff’s method of “pressure grit washing” damages brick and stone surfaces. (Plaintiff’s method was the least damaging; plaintiff’s witness Robert Blum.) (Plaintiff’s method “caused some damage”; plaintiff’s witness Partap M. Narsu.) (“The brick was dull, soft, powdery and pitted and the edges of the brick were somewhat removed”; defendant’s witness Robert Filippi.) Plaintiff’s method “accelerated weathering of the building” (Nancy Goody, defendant’s witness).
Since there is a presumption that a statute is constitutional, plaintiff has failed to demonstrate beyond a reasonable doubt and has failed to establish a total absence of any *171 reasonable basis for it (see Monarski v Alexandrides, 80 Misc 2d 260). “If the constitutional questions raised are fairly debatable, courts must declare the ordinance constitutional, as they cannot and must not substitute their judgment for that of the local legislative body.” (Supra, p 262.)
Plaintiff further contends the ordinances violate the equal protection clause of the Constitution. The ordinances in question do not prohibit those methods using chemical and paint removal methods. Plaintiff contends these methods cause considerable harm to building surfaces. Upon cross-examination, the expert witness produced by plaintiff acknowledged that the abrasive method as distinguished from the chemical removal method were two entirely different methods. The experts disagree as to the dangers connected with the chemical removal method. Robert Filippi, testifying for the defendant, recommended the removal of older brick painted buildings by repainting. Robert Scharfer testifying for the plaintiff “doesn’t believe brick should be painted” and being a chemical engineer believed chemical cleaning “could not be done without some damage.”
The fact that the ordinances do not include other methods (chemical and paint removing methods) should be addressed to the legislative body and not the court. If the particular classification (abrasive cleaners) has a reasonable or rational basis to the evil reasonably apprehended, equal protection is not violated merely because it does not include all other methods. (See Mid-States Frgt. Lines v Bates, 200 Misc 885, 891, affd 279 App Div 451, affd 304 NY 700): “The judicial function is limited to the inquiry whether the classification has a rational basis. If it has, one affected by the statute will not be heard to complain that another, who might also have been [affected], has been passed by.”
By reason thereof, the plaintiff has failed to prove its cause of action and the motion to dismiss by the defendant is hereby granted.